Velma L. MENGELKOCH, Mary Fazzio, and Dea C. Kaskela, as citizens of the United States and of the State of California, on their own behalf and on behalf of all other citizens of the State of California similarly situated, Plaintiffs,

v.

INDUSTRIAL WELFARE COMMISSION, and North American Aviation, Inc., a corporation, Defendants.

Civ. No. 66–1618–S.

United States District Court

C. D. California.

May 10, 1968.

Phill Silver, Hollywood, Cal., and Philip Poppler, Long Beach, Cal., subsequently, Evelyn E. Whitlow, Los Angeles, Cal., was substituted as counsel for plaintiff Velma L. Mengelkoch.

Thomas C. Lynch, Atty. Gen., B. Franklin Walker, Jr. and William L. Zessar, Deputy Attys. Gen., for defendants Industrial Welfare Commission and Division of Industrial Welfare.

Gibson, Dunn & Crutcher, Los Angeles, for defendant North American Aviation, Inc.

## MEMORANDUM OF OPINION
## AND ORDER OF DISMISSAL

STEPHENS, District Judge.

The three-judge court appointed in the above-captioned case having been dissolved by order which has been filed on this date, the case now reverts to the undersigned judge to whom the case was originally assigned. There is pending the defendants' motion to dismiss and this memorandum of opinion and order is addressed to the pending motion. The order dissolving the three-judge court is incorporated in this memorandum by reference.

### DOCTRINE OF ABSTENTION

Defendants have moved the court to dismiss this case in its entirety by invoking the doctrine of abstention. Defendants ask the court, in the exercise of its equitable discretion, to abstain from adjudicating the merits of this action.

The avowed purpose of plaintiffs has been to obtain an adjudication by a three-judge court so that an appeal may then be taken directly to the Supreme Court, thus avoiding all intermediate appellate action which would be the normal course and which would defer consideration by the Supreme Court. While the attack is made upon the laws of California, plaintiffs' goal is in reality to obtain a ruling on constitutional grounds which as a precedent would dispose of limitations on working hours for women throughout the United States. There has been widespread interest in this action as is witnessed by the fact that the National Federation of Business and Professional Women's Clubs, Inc. and the National Organization for Women, a corporation, (both corporations headquartered in Washington, D.C.) have sought to file a brief, present evidence and argue the case as *amicus curiae* and the California Labor Federation, AFL-CIO, has sought to intervene. Divergent views on the merits are expressed by these would-be participants.

From what has already been said, plaintiffs' major objective of a direct and early appeal to the Supreme Court on the merits is not attainable because a three-judge court has been found to be inappropriate and has been dissolved. The court now turns to the motion to dismiss on the ground that the court should abstain from adjudicating the merits of this action.

■ As a general rule, the federal courts have no right to decline to exercise jurisdiction where it exists. Cohens v. Com. of Virginia, 6 Wheat 264, 5 L. Ed. 257 (1821); Willcox v. Consolidated Gas Co., 212 U.S. 19, 40, 29 S.Ct. 192, 53 L.Ed. 382 (1909). There is a line of authority, however, which recognizes the propriety of abstention by a federal court in a limited number of factual situations. Generally speaking, there are three situations in which abstention has been held proper. All of them involve a suit where state action is being challenged in federal court as contrary to the federal Constitution or laws. Abstention is proper:

(1) To avoid decision of a federal constitutional question where the case may be disposed of on questions of state law,

(2) To avoid needless conflict with the administration by a state of its own affairs, and

(3) To leave to the states the resolution of unsettled questions of state law.

These various situations necessarily overlap at times, and their underlying purpose is the same, to wit, to obviate unnecessary friction in the federal system.

The leading case supporting abstention is Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In this case the Pullman Company was seeking to enjoin the enforcement of an order of the Texas Railroad Commission, claiming that the order denied its rights under the 14th Amendment and claiming also that under Texas law the Commission lacked authority to make the order in question. While a federal court has jurisdiction to decide an ancillary state issue, the Supreme Court ordered the district court to abstain from deciding the case, but to retain jurisdiction until the parties had an opportunity to obtain a state court decision on the state issues involved. In this way the state court decides the state issue and the federal court avoids deciding a federal constitutional issue prematurely or unnecessarily, since if the state court should hold the order unauthorized as a matter of state law, there is no need for the federal court to pass on the federal question.

■■ It has also been held that abstention is appropriate where the issue involves a specialized aspect of a complicated state regulatory law. Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). In general, where there is adequate administrative and judicial review of state administrative action or orders, plaintiffs will not be allowed to short-circuit this process by bringing a federal action if bypassing of state administrative remedies would be disruptive to the state regulatory scheme. In the above case the Supreme Court held that the federal court may abstain and dismiss the action. Again, where the state law in question is doubtful or unconstrued by the state court, abstention may be proper. Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L. Ed.2d 1058 (1959).

■ It is clear, however, that abstention should not be ordered where the relevant state law is unambiguous or settled [Davis v. Mann, 377 U.S. 678, 84 S.Ct. 1441, 12 L.Ed.2d 609 (1963); Public Utilities Commission of State of Calif. v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958)], or where the state statute would be invalid no matter how it may be construed by the state courts. Harman v. Forssenius, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965); Turner v. City of Memphis, 369

U.S. 350, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962).

■ As appears from the discussion in the order dissolving the three-judge court, the federal constitutional questions relative to the California law are settled. It is proper to legislate concerning women as a class when this is in the interest of the public health and welfare. A law reasonably directed toward the preservation of the public health and welfare is not unconstitutional even though reasonable men may differ in opinion as to whether it will or will not accomplish the purpose.

The California law was re-examined by the legislature in 1967, quite obviously with applicable federal laws being given consideration. Specific reference is made in California Labor Code § 1350.5 to Section 13 of the Fair Labor Standards Act, as amended through February 1, 1967. There is no reason to think that the Civil Rights Act of 1964 was not also carefully considered. The legislature enlarged the working hours of women who are covered by the Fair Labor Standards Act from eight hours to ten hours. (Calif.Labor Code § 1350.5.) Plaintiffs in this action are covered by the Fair Labor Standards Act and, therefore, have had their working hours enlarged. This is at least a step in the direction they want the law to take. The legislature also added a savings clause. (Calif.Labor Code § 1357.)

There is nothing about these recent changes in the California law which renders inapplicable the judicial pronouncements that the legislative purpose is to protect the public health and welfare by restricting the hours of labor for women in certain occupations. Reasonable men still may differ on the subject, but the federal court is still bound by Matter of Application of Miller, 162 Cal. 687, 124 P. 427 (1912).

■ The Supremacy Clause of the United States Constitution dictates that a federal statute will prevail over a state statute when the two are directly in conflict. Plaintiffs claim that the California Labor Code's restrictions upon the working hours of women is in direct conflict with the federal statute. The federal statute is quite clear on its face. It provides that among people employed in interstate commerce there shall be no discrimination in employment because of sex. This means that women should neither be favored nor handicapped because of sex. However, if there is a rational basis dependent upon other factors for treating women differently than men, then this is not a discrimination because of sex. In Ward v. Firestone Tire and Rubber Co., D.C., 260 F.Supp. 579 (1966) it was held that a man who was refused a transfer to a job earmarked as "light work," and open only to women and men who had physical defects, was not discriminated against and that the restriction on eligibility for the job had a bona fide relation to occupational qualification. California Labor Code §§ 1250 to 1253, inclusive, protect women (but not men) when required to move heavy objects, prohibit women from lifting more than 50 pounds or carrying up or down stairs an object weighing more than 10 pounds. These provisions have not been challenged.

Title 42 U.S.C. § 2000h–4 provides that Congress does not intend to occupy the field of civil rights to the exclusion of state laws on the same subject matter and that state laws which are not inconsistent with the purposes or express provisions of the federal Civil Rights Act are not invalidated. The purpose of the Civil Rights Act, as it applies to discrimination because of sex, is to eliminate the frictions, tensions and financial inequities of discrimination on the basis of sex all for the purpose of benefiting and improving the free flow of commerce between the states. The purpose of the California restriction upon the working hours of women is not by any means as apparent.

■ As a result of the 1967 amendment which added § 1350.5 to the Labor Code, California restricts the hours of women who are laboring in interstate commerce to ten hours per day, while

apparently restricting other women laboring at the same job to eight hours per day. This is a discrimination between one woman and another of which the plaintiffs cannot complain since they are the beneficiaries of longer hours which is in accord with their desires, nor is this a federal-state conflict. However, it makes suspect the true present purpose of the limitation of working hours for women. Are these restrictions truly based upon a concern for the public health and welfare, a determination to restrict the number of women in industry in favor of male employees or to protect women against the competition of men? It is an anomaly that the federal court should first be asked to pass upon an alleged conflict between state and federal law when the issues focus upon the state law.

Issues of state constitutional law are involved. Those constitutional issues treated in Matter of Application of Miller, supra, are involved and a good case can be made for a re-examination. Turning to the California Constitution, Article 1 § 11 provides, "All laws of a general nature shall have uniform operation." This was dismissed in 1912, but then the law provided a uniform eight hour day for all women subject to a limitation on their working hours. Article 1 § 1 still provides, "All men are by nature free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty; acquiring, possessing, and protecting property, and preserving and obtaining safety and happiness." Article 20 § 18 provides, "No person shall, on account of sex, be disqualified from entering upon or pursuing any lawful business, vocation or profession." These constitutional provisions are unmistakably in the field of civil rights and do not conflict with the Civil Rights Act of 1964.

█ On the surface, at least, it would seem that if the state law in question is in conflict with the Civil Rights Act of 1964, it would also conflict with these provisions of the California Constitution. The state courts themselves have greater freedom in examining and re-examining state laws. Furthermore, they have greater flexibility in resolving the potential problems, especially since they are in a position to interpret and apply the provisions of the state Constitution as well as the Constitution and laws of the United States. The savings clause, California Labor Code § 1357, would further suggest that it would be advisable for the issues of this case to be presented to the state courts which could consider, among other things, whether such a clause can compel piecemeal litigation of the basic issue.

The importance of the questions which are raised by a threat to the validity of laws affecting working women as a class from the standpoint of the orderly administration of the law by the state is enormous. There is no serious problem of interpretation or construction of the federal law which can as easily be applied by state as federal courts, but there are serious problems of interpretation and construction of the state law. The considerations which have traditionally moved the federal courts to abstain from decision in deference to the state courts are all present in the circumstances of this case. The case may be disposed of on questions of state law and federal constitutional questions (if they exist) may be avoided. Needless conflict with the administration by the state of its own affairs may be avoided and this course leaves to the state the resolution of unsettled questions of state law, including both the issues which might be adjudicated in the federal court and others which are purely of state concern.

For the foregoing reasons it is proper that judgment should be entered dismissing this action without prejudice. Defendants' motion to dismiss is granted and it is ordered that the within action be and it is hereby dismissed. This order of dismissal disposes of all matters pending in this case.