**Michael BURNS, Plaintiff,**

v.

**ROHR CORPORATION, a California corporation, Defendant.**

**Civ. No. 69–132.**

United States District Court,
S. D. California.

June 20, 1972.

Peter B. Clarke, San Diego, Cal., for plaintiff (Peter A. Janiak, Equal Employment Opportunity Comm., Washington, D. C., Lorenzo H. Taylor, Dist. Director, Equal Emp. Opportunity Comm., Los Angeles, Cal., amicus curiae).

Jerome C. Byrne, Beverly Hills, Cal., Dan E. Hedin, San Diego, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

WALLACE, District Judge.

Prior to 1943, Rohr granted rest periods to women employees only. From 1943 to 1946, Rohr had a formal rest-break policy whereby both male and female employees were granted a ten-minute break during each four hours the employees worked. In 1946, a "personal time privilege" policy was instituted in lieu of the formal ten-minute rest-break policy, whereby both male and female employees were allowed to visit such places as the payroll office, credit union and employee accommodation store at convenient times during his or her normal working hours. In 1947, in response to a new regulation of the California Industrial Welfare Commission, Rohr granted formal ten-minute rest breaks every four hours to its female employees only. Thereafter, the "per-

sonal time privilege" policy was continued with respect to all employees.

Out of deference to the California regulation, Rohr has continued the policy of granting rest breaks exclusively to women to this day. Burns, a former male employee of Rohr, brought this action on behalf of himself and all male employees of Rohr, alleging discrimination in violation of the Civil Rights Act of 1964. In addition, Burns claims damages for allegedly being fired for his objections to Rohr's rest-break policy.

Both parties have moved for summary judgment. There is no question of fact remaining which would prevent a decision on the alleged discrimination issue at this time. Defendant's motion is grounded on the alternative arguments that (1) Title VII does not apply to this action since the California regulation requiring rest breaks for women establishes a "bona fide occupational qualification" (hereinafter "BFOQ"), or (2) the California law is in conflict with Title VII and, therefore, must be invalidated under the Supremacy Clause. Plaintiff has moved for summary judgment simply on the ground that an unexcused violation of Title VII has been shown.

### BFOQ

Section 703(e) of Title VII, 42 U.S.C. § 2000e–2(e) excepts from the provisions of Title VII those instances of employment discrimination on the basis of sex where sex is a BFOQ. A very obvious example of a BFOQ often recited is where the sex of the employee is necessary for the sake of genuineness, as in the case of actors and actresses.

The Equal Employment Opportunity Commission (hereinafter "EEOC") and the courts have both taken the position that the BFOQ exception to Title VII is to be construed rather narrowly. See, e. g., Rosenfeld v. Southern Pacific Co., 444 F.2d 1219, 1227 (9th Cir. 1971).

In *Rosenfeld* the Court of Appeals held that the California law restricting weight-lifting for women did not constitute a BFOQ exception to Title VII. If restrictions on weight-lifting, which are presumably based upon the traditional notion that women are physically weaker than men, do not constitute a BFOQ, a fortiori a regulation extending rest periods to women cannot constitute a BFOQ, since the rest-period regulation is apparently based upon the same premises as the weight-lifting restriction.

Furthermore, there must be some kind of factual showing in order to establish a BFOQ exception to Title VII. Phillips v. Martin Marietta Corp., 400 U.S. 542, 91 S.Ct. 496, 27 L.Ed.2d 613 (1971); Lansdale v. United Airlines, Inc., 437 F. 2d 454 (5th Cir. 1971). Here, the defendant has made no attempt to do so.

■ Thus, it is clear, as Rohr conceded during oral argument, the BFOQ exception to Title VII does not apply in this case.

### CONFLICT BETWEEN THE STATE REGULATION AND TITLE VII

Rohr contends that, since there is a conflict between the state regulation and Title VII, the state regulation should be declared invalid as being preempted by the federal statute.

Principal reliance is placed upon Rosenfeld v. Southern Pacific Co., *supra.* In *Rosenfeld,* Southern Pacific had a policy of excluding women as a class from certain positions on the grounds that women were physically unsuited to the type of work involved and that to employ them in the positions in question would place Southern Pacific in violation of California's labor laws and regulations which limited hours of work for women and restricted the weight they were permitted to lift. The Court held that Southern Pacific's employment policy constituted the type of discrimination prohibited by Title VII. The Court further held that since California's maximum hours and weight-lifting restrictions for women ran contrary to the general objectives of Title VII, the same were supplanted by Title VII by virtue of the Supremacy Clause. However, the Court made it clear that it was not at-

tempting to decide similar questions which might arise in the context of different labor policies.

Plaintiff contends that the preemption issue should never even be reached by the Court and that, if there is any conflict between the state regulation and Title VII, it should be resolved by simply requiring Rohr to extend to men the rest breaks accorded by the state regulation exclusively to women. Plaintiff reasons that there are two distinctive classes of "protective" legislation; one comprises "restrictive" type regulations, such as maximum hours and weight-lifting, and the other comprises "beneficial" type regulations such as minimum wage or a rest period. The argument is that "beneficial" regulations do not inherently conflict with the objectives of Title VII, and in fact may be accommodated by ordering Rohr to extend to men the benefits provided by statute or regulation to women. See Potlatch Forests, Inc. v. Hays, 318 F.Supp. 1368 (E.D.Ark.1970).

One difficulty with such an argument in this case is the characterization of the rest-break period regulation as "beneficial." Since the net effect of the regulation is to reduce the number of work hours for women by one hundred minutes per forty-hour week, it would appear that it could equally well be characterized as "restrictive."

A practical difficulty with extending this state regulation to cover men is that it would result in burdens upon only some employers; for example, a small building contractor who kept his own books and had an all-male work force would gain a very substantial advantage over a competitor with the same number of male employees, but who happened to have in his employ a female bookkeeper. The theoretical alternative, even if otherwise appropriate, of adopting a practicality test and thereby limiting extension to the particular facts of this case has the drawback that it would create a great amount of uncertainty among employers in the state.

Moreover, this Court is of the opinion that to order extension of the rest breaks to men would amount to usurpation of the legislative power that has been vested exclusively in the state legislature. See Bastardo v. Warren, 4 E.P. D. ¶7635 (W.D.Wis.1970). A federal court should not "amend" the state's labor laws to obviate a conflict.

 It is clear that a state law or regulation should be invalidated under the Supremacy Clause of the Constitution only if application of the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Perez v. Campbell, 402 U.S. 637, 649, 91 S.Ct. 1704, 1711, 29 L.Ed.2d 233 (1971). The basic objective of Title VII is to cause employment to be based only upon applicable job qualifications. Griggs v. Duke Power Co., 401 U.S. 424, 434, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). This implicitly requires that there be no legal impediment to keep a woman from competing in the job market with a man of the same qualifications and vice versa. Weeks v. Southern Bell Telephone & Telegraph Co., 408 F.2d 228, 236 (5th Cir. 1969); Bowe v. Colgate-Palmolive Co., 416 F.2d 711, 717 (7th Cir. 1969). For this reason, in recent years courts have ruled invalid as being in conflict with Title VII state statutes and regulations issued thereunder which have tended to make women less desirable for hiring because of the special accommodations that the prospective employer must make for them. See, for example, Rosenfeld v. Southern Pacific Co., *supra* (maximum hours and weight-lifting restrictions); Manning v. General Motors Corp., 3 E.P.D. ¶ 8325 (N.D.Ohio 1971) (maximum hours, weight-lifting restrictions and provision of seats); Schattmann v. Texas Employment Commission, 3 FEP cases 311 (W. D.Tex. Mar. 4, 1971), 3 FEP cases 468 (W.D.Tex. April 16, 1971) (compulsory leave in seventh month of pregnancy). See also Richards v. Griffith Rubber Mills, 300 F.Supp. 338 (D.Ore.1969) where one of the grounds relied upon by

the employer to deny a particular job to a woman was a union contract provision requiring two ten-minute rest periods. The Court in *Richards* found that the contract provision was no defense to the Title VII discrimination charge.

It appears to this Court that the regulation challenged here has, as its major premise, the same premise as regulations restricting the number of hours that women may work or the amount of weight that they are allowed to lift; viz., women as a class are inherently weaker physically than men. Without more, case law which binds this Court makes it clear that the rest-break regulation involved herein runs contrary to the objectives of Title VII.

It has been urged by the EEOC as amicus curiae that Congress disclaimed any preemptive intent in Title VII itself. 42 U.S.C. § 2000e–7 provides:

Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter.

A more general provision is found in 42 U.S.C. § 2000h–4, which states:

Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.

With regard to § 2000e–7, the state regulation in question does require employers to give rest breaks to women and not to men. Given the economic reality that employers are not likely to provide rest breaks for a substantial number of male employees unless required by law to do so, especially when those employees are already enjoying unsupervised break time as in this case, it seems clear that the state regulation in this case "purports to require or permit" a policy that is discriminatory within the meaning of Title VII. Furthermore, as pointed out in *Rosenfeld*, the purpose of 42 U.S.C. §§ 2000e–7 and 2000h–4 was essentially to assure preservation of state anti-discrimination laws and not to save inconsistent laws. 444 F.2d at 1226.

■ The Court, therefore, holds that the state regulation requiring rest breaks for women is contrary to the objectives of Title VII of the Civil Rights Act of 1964, and it is, therefore, preempted by Title VII by virtue of the Supremacy Clause.

### LIABILITY OF ROHR

■ It follows implicitly from the foregoing that Rohr's rest-break policy was and is in violation of Title VII. The plaintiff and the EEOC contend that Rohr should be held liable for its violation *ab initio* or, in any event, commencing no later than January 17, 1969, when the EEOC rendered its decision that the rest-break policy was in violation of Title VII. However, the Court is of the opinion that, due to the several changes of its guidelines from December, 1965, through August, 1969,[1] the EEOC has been less than precise as to what its position was, and that an employer should not be subjected to liability merely because it disagrees with a federal administrative agency that has

1. For a discussion of the substance of those changes, see "Developments in the Law—Title VII," 84 Harv.L.Rev. 1109, 1187–88 (1971).

no enforcement powers of its own.[2] The Court also notes that despite solicitation for such, the Attorney General of California has yet to render an advisory opinion on the constitutionality of the state regulation in question. The defendant's primary defense in this case has been its reliance on the state regulation. Under the circumstances, this Court is of the opinion that Rohr "can hardly be faulted for following the explicit provisions of applicable state law," Rosenfeld v. Southern Pacific Co., 444 F.2d at 1227, and that it did the proper thing by in effect bringing a declaratory judgment action through the present motion for summary judgment. Therefore, this decision is to have prospective application only. Rohr will be given a reasonable time, not to exceed sixty days from the date of this opinion, to remedy its discriminatory rest-break policy.

Counsel for Rohr shall prepare Findings of Fact and Conclusions of Law.

TERMINATION ISSUE

The issue of whether the plaintiff was improperly fired because of his objection to Rohr's discriminatory policy remains. On March 27, 1972, the EEOC filed a report of the steps it had taken to comply with the Court's order of January 26, 1972, to investigate and attempt to reconcile the matter. Apparently the EEOC investigation and conciliation efforts are still pending. Consequently, a status conference will be set for July 20, 1972, at 9:00 a.m. and will be held among Lorenzo H. Taylor, District Director of the EEOC and counsel for the parties, as directed by the attached Order. Depending upon the status of the conciliation efforts, a pre-trial date may be set at this hearing.

2. The EEOC must file suit in the event that an employer refuses to remedy voluntarily an employment practice found unlawful under Title VII by the EEOC.

See Local No. 104, Sh.Met.Wkrs.Int. Ass'n v. EEOC, 439 F.2d 237, 239 (9th Cir. 1971).