HOMEMAKERS, INC., OF LOS
ANGELES, Plaintiff,

v.

DIVISION OF INDUSTRIAL WELFARE
and Industrial Welfare Commission of
the State of California, Defendants.

No. C-72-1864.

United States District Court,
N. D. California.

April 2, 1973.

Philip J. Gregory, Garrison, Gregory, Herndon & Townsend, San Francisco, Cal., for plaintiff.

Evelle J. Younger, Atty. Gen., State of California, Elizabeth Palmer, Asst. Atty. Gen., David J. Bowie, Deputy Atty. Gen., San Francisco, Cal., for defendants.

OPINION, ORDER AND JUDGMENT

RENFREW, District Judge.

Plaintiff, an employer of domestic workers and persons who care for the

sick in patients' homes, brought this action to declare invalid certain portions of the California Labor Code and related orders of the California Industrial Welfare Commission. A preliminary injunction was sought to restrain defendants, state agencies for industrial welfare, from enforcement of the state laws in question. In addition, plaintiff has filed a motion for summary judgment.

Both motions present the same issue: Whether § 1350 and § 1350.5 of the California Labor Code and Order 5–68 § 3 of the California Industrial Welfare Commission regulating employment and compensation of women are in conflict with Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and, if so, whether the state statutes and regulations should be declared invalid as being preempted by the federal statutes.

Section 703(a)(1) of the Civil Rights Act of 1964 states that it is an unlawful employment practice to discriminate on the basis of sex "against any individual with respect to his compensation, terms, conditions or privileges of employment." 42 U.S.C. § 2000e–2(a)(1). Under the California statutes challenged here, plaintiff is required to pay overtime premium pay only to female employees. Plaintiff has refused to pay the premium on the basis that such compliance with state law would be a violation of the federal statutes which have invalidated all women's protective laws. See Sail'er Inn v. Kirby, 5 Cal.3d 1, 9–10, 95 Cal.Rptr. 329, 485 P.2d 529 (1971); Rosenfeld v. Southern Pacific Company, 293 F.Supp. 1219, 1224 (C.D.Cal.1968), affirmed 444 F.2d 1219 (9 Cir. 1971); Mengelkoch v. Industrial Welfare Commission, 284 F.Supp. 956, 959 (C.D.Cal. 1968).

The Court agrees with defendants that the Civil Rights Act of 1964 invalidates only those state statutes which are inconsistent with Title VII provisions. See 42 U.S.C. § 2000e–7 and § 2000h–4. However, the Court does not agree that the necessary consistency can be found in the state statutes by interpreting them as requiring the employer, if he chooses to have any employees work overtime, to pay the same overtime premium to men as well as to women. Such an interpretation would constitute usurpation of the legislative power that has been vested exclusively in the state Legislature. The Court is aware that the only authority directly on this issue is contrary. The Court has read carefully the opinion of Chief Judge Henley in Potlatch Forests v. Hays, 318 F.Supp. 1368 (E.D.Ark.1970), dealing with provisions in the Arkansas Labor Code substantially identical to those involved here. There the court extended the overtime benefits to male employees. See also the affirming opinion of the Court of Appeals for the Eighth Circuit in Hays v. Potlach Forests, Inc., 465 F.2d 1081 (8 Cir. 1972). However, this Court concludes that a federal court may not exercise the legislative power vested solely in the state legislature in order to avoid a conflict between state and federal law.

Defendants urge that extension of the benefits to male employees may be granted pursuant to "Equal Pay" laws which set no wages but require that there be no sex-based distinction in compensation (Cal.Labor Code, § 1197.5; 29 U.S.C. § 206(d)), which requirement, say defendants, makes it mandatory that employers pay both sexes at whatever pay rate is higher. Such an extension of benefits to men would conflict with the legislative intent of the statutes in question. This intent, as both defendants and the Equal Employment Opportunity Commission (EEOC), as amicus curiae, have conceded in their memoranda, was to protect only working women, not men, by supplementing women's income in an attempt to narrow the gap between the income of working women and that of men similarly employed.

To extend the benefits of the statutes to an entirely new class of beneficiaries would thus be a substantial change in legislative intent. Defendants urge the Court to make this change, however, referring to EEOC guidelines which say an employer will be adjudged in violation

of Title VII if it refuses to hire female employees to avoid payment of overtime or if it fails to provide the same benefits for its male employees. 29 C.F.R. § 1604.2(b)(3) (37 Fed.Reg. 6836, April 5, 1972).

 The Court agrees that great deference should be given EEOC guidelines and interpretative comments, because the EEOC is charged with the responsibility of enforcing the Civil Rights Act of 1964. Griggs v. Duke Power Co., 401 U.S. 424, 433–434, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); see also United States v. City of Chicago, 400 U.S. 8, 10, 91 S.Ct. 18, 27 L.Ed.2d 9 (1970). But the authorization given the EEOC by Congress is to issue procedural regulations. Such authority does not include regulations which would effect substantive state law to the degree urged here, namely that of adding a new class of beneficiaries to those already covered by the California statutes requiring overtime payments to women. Such a substantial change in legislative intent should be made by the legislature, not the courts. Burns v. Rohr Corp., 346 F. Supp. 994, 997 (S.D.Cal.1972); Bastardo v. Warren, 4 E.P.D. § 7635 (W.D.Wis. 1970).

While this Court may question the motives of plaintiff and sympathize with its women employees, nevertheless it refuses to exercise the legislative power which belongs solely to the California Legislature. This is particularly so where, as here, a bill which would have expressly extended to all employees the Labor Code statutes regulating working conditions of women and minors was passed by the California State Legislature in its 1972 regular session (A.B. 1710) but was vetoed by the Governor at the close of that session.

 There is no question of fact remaining which would preclude an opinion on plaintiff's motion for summary judgment. The statutes and orders in question are in conflict with the Civil Rights Act of 1964 and are therefore invalid. Accordingly,

It is hereby ordered, adjudged and decreed that § 1350 and § 1350.5 of the California Labor Code and Order 5–68 § 3 of the California Industrial Welfare Commission are in conflict with and superseded by Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

It is hereby further ordered, adjudged and decreed that plaintiff's failure to comply with § 1350 and § 1350.5 of the California Labor Code does not give rise to an unlawful employment practice under Title VII of the Civil Rights Act of 1964.

It is hereby further ordered, adjudged and decreed that plaintiff's motion for summary judgment is granted and that each party shall bear its respective costs herein.