

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 11, 1974

The Honorable Jackie W. St. Clair
    Commissioner
Bureau of Labor Statistics
Capitol Station
Austin, Texas 78711

The Honorable Henry Rothell
    Administrator
Texas Employment Commission
Austin, Texas 78778

Opinion No. H- 254

Re: Whether Article 5172a,
Vernon's Texas Civil Statutes,
a female protective act, conflicts
with Title VII of the Civil Rights
Act of 1964 (42 USC § 2000e-2)

Gentlemen:

You have asked whether Article 5172a, Vernon's Texas Civil Statutes, is
void due to an apparent conflict with portions of Title VII of the Civil Rights Act
of 1964, codified as 42 USC § 2000e-2.

Prior to its amendment in 1971, Article 5172a, V. T. C. S., provided in its § 1:

> "No female shall be employed in any factory, mine,
> mill, . . . or enterprise where females are employed,
> for more than nine (9) hours in any one calendar day,
> nor more than fifty-four (54) hours in any one calendar
> week. "

Other sections of the Article contained exceptions.

As you have noted in your letter to us, the validity of the statute was chal-
lenged in a class suit filed in the United States District Court which entered its
order on May 21, 1971, holding that it was:

> "ORDERED that Article 5172a, Vernon's Ann. Civ. St.
> of Texas be, and it is hereby, declared to be in conflict
> with Title VII, Section 703(a) of the Civil Rights Act of
> 1964, 42 U. S. C. A. § 2000e-2(a) and therefore void under
> the Supremacy Clause of Article VI of the United States
> Constitution;. . . . "

In the meantime a bill was introduced in the 62nd Legislature to amend § 1
of Article 5172a so that it would have read, in part:

p. 1185

"No person employed in any factory, mine, mill,
. . . or other business enterprise, shall be required
by their employer to work in excess of nine hours
in any one calendar day, nor more than 54 hours in any
one calendar week, without the express consent of the
affected employee." (emphasis added)

This bill was amended and adopted on May 20, 1971 (Acts 1971, 62nd Leg.,
ch. 473, p. 1671, effective August 30, 1971) and now provides in its § 1:

"No female employed in any factory, mine, mill,
. . . or other business enterprise, shall be required
by her employer to work in excess of nine (9) hours
in any twenty-four (24) hour day, nor more than fifty-
four (54) hours in any one calendar week, without the
consent of the affected employee." (emphasis added)

In an order entered August 14, 1971, the Federal Court declined to pass
upon the amended statute and, to our knowledge, no other court has determined
the question.

Title VII of the Civil Rights Act of 1964, which generally applies to
employers having 25 or more employees, provides in part at 42 U.S.C.
§ 2000e-2:

"(a) It shall be an unlawful employment practice
for an employer—

"(1) to fail or refuse to hire or to discharge any
individual or otherwise to discriminate against any
individual with respect to his compensation, terms,
conditions, or privileges of employment, because of
such individual's race, color, religion, sex, or national
origin; or

"(2) to limit, segregate, or classify his employees
or applicants for employment in any way which would
deprive or tend to deprive any individual of employment
opportunities or otherwise adversely affect his status
as an employee, because of such individual's race, color,
religion, sex, or national origin."

The act permits discrimination where sex is a bona fide occupational
qualification; however, that exception is to be construed very narrowly. Weeks
v. Southern Bell Telephone & Telegraph Co., 408 F. 2d 228 (5th Cir. 1969).

The Equal Employment Opportunity Commission (hereafter EEOC) has promulgated regulations under the federal statute.  These provide in part, at 29 C.F.R. § 1604.2:

> "(b) Effect of sex-oriented State employment legislation.
>
> "(1) Many States have enacted laws or promulgated administrative regulations with respect to the employment of females.  Among these laws are those which prohibit or limit the employment of females, e.g., the employment of females in certain occupations, in jobs requiring the lifting or carrying of weights exceeding certain prescribed limits, during certain hours of the night, for more than a specified number of hours per day or per week, and for certain periods of time before and after childbirth.  The Commission has found that such laws and regulations do not take into account the capacities, preferences, and abilities of individual females and, therefore, discriminate on the basis of sex.  The Commission has concluded that such laws and regulations conflict with and are superseded by title VII of the Civil Rights Act of 1964. Accordingly, such laws will not be considered a defense to an otherwise established unlawful employment practice or as a basis for the application of the bona fide occupational qualification exception.
>
> ". . . .
>
> "(3) A number of States require that minimum wage and premium pay for overtime be provided for female employees.  An employer will be deemed to have engaged in an unlawful employment practice if:

"(i) It refuses to hire or otherwise adversely affects the employment opportunities of female applicants or employees in order to avoid the payment of minimum wages or overtime pay required by State law; or

"(ii) It does not provide the same benefits for male employees.

"(4) As to other kinds of sex-oriented State employment laws, such as those requiring special rest and meal periods of physical facilities for women, provision of these benefits to one sex only will be a violation of title VII. An employer will be deemed to have engaged in an unlawful employment practice if:

"(i) It refuses to hire or otherwise adversely affects the employment opportunities of female applicants or employees in order to avoid the provision of such benefits; or

"(ii) It does not provide the same benefits for male employees. If the employer can prove that business necessity precludes providing these benefits to both men and women, then the State law is in conflict with and superseded by title VII as to this employer. In this situation, the employer shall not provide such benefits to members of either sex. " (emphasis added)

The EEOC administrative interpretation of the Act is entitled to great deference. Griggs v. Duke Power Co., 401 U.S. 424 (1971); Hays v. Potlatch Forests, Inc., 465 F. 2d 1081 (8th Cir. 1972). Pursuant to these and earlier guidelines the EEOC has consistently found state protective laws to be invalid. See cases collected in CCH EEOC Decisions.

The Honorable Jackie W. St. Clair, (H-254)
The Honorable Henry Rothell,
Page 5

The problem posed by the coexistence of Article 5172a and the Civil Rights Act requirements is stated by Mr. Rothell's letter as follows:

> "It is apparent that Texas employers cannot comply with both the Civil Rights Act of 1964, on the one hand, and Article 5172a, on the other hand, in modifying their work schedules in this manner. It is also quite apparent that it is unfair to penalize these employers for complying with Federal legislation in those cases when female employees choose to quit or to be discharged because of their refusal to comply with the new work schedules.

> "Therefore, the Commission respectfully requests your opinion on the validity of Article 5172a, Vernon's Texas Civil Statutes, as amended in 1971, and on the effect of its apparent conflict with the prohibitions contained in the Civil Rights Act of 1964."

Despite the legislative efforts to eliminate conflicts between the two laws, it is our opinion that Article 5172a still has a discriminatory effect. Men are denied the benefits accorded women in relation to the right to refuse to work beyond certain hours and to the entitlement to overtime. Clearly, the sex discrimination attacked by the Civil Rights Act is not limited to discrimination against women. Diaz v. Pan American World Airways, Inc., 442 F. 2d 385 (5th Cir. 1971), cert. denied, 404 U.S. 950 (1971). EEOC guidelines take note of the fact that a law of this type does "not take into account the capacities, preferences, and abilities of individual females." 29 CFR § 1604.2 (b)(1). See also, Hays v. Potlatch Forests, supra. Homemakers, Inc., Los Angeles, v. Division of Industrial Welfare, 356 F. Supp. 1111 (N. D. Calif. 1973), CCH EEOC Decisions (1973) ₱ 6348 (Feb. 18, 1972). And see Art. 1 Sec. 3(a) of the Texas Constitution.

The effect of a determination that a state law relating to employment is discriminatory has been the subject of some dispute. Although there are decisions holding that employers would be required to extend the

benefits required to be given to members of the favored sex to members of the other sex, [Hays v. Potlatch Forests, supra; Potlatch Forests, Inc. v. Hays, 318 F. Supp. 1368 (E. D. Ark. 1970); CCH EEOC Decisions (1973) P 6348 (Feb. 18, 1972)], the majority rule appears to be to declare the state law invalid because of its conflict with the federal statute and to refuse to extend state statutory protections to the members of both sexes. Homemakers, Inc. v. Division of Industrial Welfare, supra; Burns v. Rohr Corp. , 346 F. Supp. 994 (S. D. Cal. 1972); Caterpillar Tractor Co. v. Grabiec, 317 F. Supp. 1304 (S. D. Ill. 1970).

It is our opinion that the hours and overtime provisions of Article 5172a are in conflict with Title VII of the Civil Rights Act of 1964. Although the state law covers more employers than the federal law, we believe it must fall in its entirety as to hold otherwise would require a rewriting of the statute to limit it in a manner which apparently was not within the contemplation of the Legislature.

### SUMMARY

The provisions of Article 5172a, Vernon's Texas Civil Statutes, requiring that women be paid premium pay for overtime in certain situtations and prohibiting employers from requiring that a woman work in excess of a certain number of hours without her consent are invalid due to their conflict with Title VII of the Civil Rights Act of 1964.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee