## HOMEMAKERS, INC., OF LOS ANGELES, Plaintiff-Appellee,

### v.

## DIVISION OF INDUSTRIAL WELFARE and Industrial Welfare Commission of the State of California, Defendants-Appellants.

### No. 73–1786.

United States Court of Appeals,
Ninth Circuit.

Dec. 31, 1974.

---

Robert Leverman, Deputy Atty. Gen. (argued), San Francisco, Cal., for defendants-appellants.

Phillip J. Gregory (argued), of Garrison, Gregory, Herndon & Townsend, San Francisco, Cal., for plaintiff-appellee.

Before LUMBARD,* KOELSCH and WRIGHT, Circuit Judges.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

This is an appeal from an order declaring invalid certain provisions of the California Labor Code and related orders of the California Industrial Welfare Commission requiring payment of premium overtime pay to covered women employees. The district court found that the provisions in question were in conflict with and superseded by Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq. (1970)].[1] It also found

---

* Senior Circuit Judge, United States Court of Appeals for the Second Circuit.

1. The pertinent provision of Title VII is 42 U.S.C. § 2000e–2, which reads in relevant part:

"(a) It shall be an unlawful employment practice for an employer—

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

"(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

\* \* \* \* \* \*

"(e) Notwithstanding any other provision of this subchapter, (1) it shall not be an unlawful employment practice for an employer to hire and employ employees . . on the basis of his religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise . . .."

that plaintiff's failure to comply with the California statute did not give rise to an unlawful employment practice under Title VII.

Homemakers is an employer of domestic workers and persons who care for the sick in patients' homes. It initiated this action to restrain appellant state agencies from enforcing against it those women's premium overtime pay provisions in Cal. Labor Code §§ 1350 and 1350.5 [2] which it claimed would require it to discriminate in favor of women in violation of Title VII.

In response, appellants reasoned that the challenged statutes and orders presented no inevitable conflict with federal law, since Homemakers could comply readily with both federal and state requirements by extending the benefits of the premium overtime pay legislation to its male as well as to its female employees. Indeed, they argued that state and federal "equal pay" laws, see Cal. Labor Code § 1197.5 (1970); 29 U.S.C. § 206(d) (1970), require employers to pay both sexes at the higher overtime pay rates provided for women. Appellants relied also on Equal Employment Opportunity Commission [EEOC] guidelines which make it a violation of Title VII for an employer to refuse to hire female employees in order to avoid payment of overtime, or for an employer to fail to provide its male employees with the same benefits required under state law for its female employees.

The district court rejected these arguments,[3] and refused to follow an Eighth Circuit decision extending the benefits of the Arkansas women's premium overtime pay statute to all employees in the state on the same grounds as those advanced by appellants.[4] In so holding, the district court also ruled that the EEOC's power to issue procedural regulations does not include authority to issue regulations which would modify state substantive law to the degree urged by appellants.[5]

Similarly, the district court found that it would be beyond its own power to interpret the challenged statutes in a way which would significantly expand the statutorily designated class of beneficiaries. Although such an interpretation might provide the consistency between the challenged statutes and federal law necessary for upholding the former, it would usurp the legislative power vested exclusively in the state.[6]

Such judicial restraint appears particularly warranted in light of the legislative intent which both parties concede to underlie those portions of the state labor

---

2. Cal. Labor Code § 1350. *Maximum hours per day and week*

"No female shall be employed in any [of the designated industries], more than eight hours during any one day of 24 hours or more than 48 hours in one week, except as provided in Section 1350.5."

§ 1350.5. *Employees covered under Fair Labor Standards Act; overtime; exceptions; airline female employees*

(a) Employers of employees covered under the provisions of the Fair Labor Standards Act may employ females up to 10 hours during any one day of 24 hours or up to 58 hours in one week, provided that they are compensated at the rate of 1½ times the regular rate of pay for time worked for one employer in excess of eight hours in any one day or 40 hours in any one week.

"(b) The provisions of subdivision (a) shall not apply to: (1) employers whose employees are exempted in Section 13 of the Fair Labor Standards Act as amended through February 1, 1967, from the provisions of Section 7 of the Fair Labor Standards Act; (2) employers whose employees are exempted in Section 7 of the Fair Labor Standards Act, as amended through February 1, 1967, from the provisions of Section 7 of the Fair Labor Standards Act, if the employees are not entitled under such exemptions in Section 7 to 1½ times their regular rate of pay until they have worked more than 48 hours in one week; and (3) employers whose employees are engaged in the laundering, cleaning, or repairing of clothing, or in the clothing manufacturing industries.

3. The district court's opinion is reported at 356 F.Supp. 1111 (N.D.Calif.1973).

4. *See* Hays v. Potlatch Forests, Inc., 465 F.2d 1081 (8th Cir. 1972).

5. 356 F.Supp. at 1113.

6. 356 F.Supp. at 1112.

code of which the challenged provisions are a part. This court has previously relied on this intent (to afford special protection for women employees) in invalidating other "protective" legislation in the California Labor Code as unlawfully discriminatory.[7]

We are persuaded by Judge Renfrew's historical observation that the premium overtime pay provisions of sections 1350 and 1350.5 were part and parcel of the entire body of state law seeking to provide special protection for women workers. We are also persuaded by his conclusion that it is not within the province of the federal courts to attempt to determine how far, if at all, subsequent state legislation has shown an intent to redirect the original focus of these premium pay provisions, unless that intention is clearly shown.[8] This is particularly true when the reading requested by appellants (to extend the premium overtime pay provisions to male workers) would impose a sizeable economic burden on employers affected by sections 1350 and 1350.5.[9]

Finally, we note that the California legislature has recently enacted legislation which will cure the defects of the earlier enactments by expressly allowing the Industrial Commission to prescribe overtime premium pay rates applicable to male and female employees alike. Act of Oct. 1, 1973, Assembly Bill No. 478. Enactment of this legislation, after a similar bill had been vetoed the previous year, would seem to indicate the legislature's realization that the prior version of the overtime pay provisions inaccurately expressed, or was inadequate to express, its current policy.

 We agree with the opinion of the district court, and affirm its holding that the statutes and orders in question conflict with the Civil Rights Act of 1964 and therefore cannot be enforced against plaintiff-appellee Homemakers.

Affirmed.

---

7. See Rosenfeld v. Southern Pacific Co., 444 F.2d 1219 (9th Cir. 1971) (weightlifting and hours limitations on female employees); Mengelkoch v. Industrial Welfare Comm'n, 442 F.2d 1119 (9th Cir. 1971) (hours limitations). *See also* Burns v. Rohr Corp., 346 F.Supp. 994 (S.D.Calif.1972) (rest breaks only required for women); Local 246, Utility Workers v. Southern California Edison Co., 320 F.Supp. 1262 (C.D.Calif.1970) (weightlifting restrictions); Sail'er Inn v. Kirby, 5 Cal.3d 1, 95 Cal.Rptr. 329, 485 P.2d 529 (1971) (laws forbidding women bartenders).

8. At least one state supreme court has recently adopted this view. In Idaho Trailer Coach Ass'n v. Brown, 95 Idaho 910, 523 P.2d 42 (S.Ct.Idaho, 1974), the Idaho Supreme Court found that subsequent state antidiscrimination legislation had repealed that state's premium overtime pay for women law by implication. Therefore, the Idaho court did not need to consider the trial court's alternative holding that the challenged statute was also unenforceable because it was in conflict with Title VII.

9. Moreover, it would be particularly speculative for a court to extent the benefits of the statute only to the male employees of these employers covered by the challenged provisions. To do so would seem to assume that the legislature would want the same group of industries subject to premium overtime pay requirements for all employees as had originally been selected as the foci of the maximum hours limitations for women set out in section 1350.