No. 74–1213. CALIFORNIA DEPARTMENT OF INDUS-
TRIAL RELATIONS, DIVISION OF INDUSTRIAL WELFARE, ET
AL. v. HOMEMAKERS, INC., OF LOS ANGELES. C. A. 9th
Cir. Certiorari denied. MR. JUSTICE STEVENS took no
part in the consideration or decision of this petition.

MR. JUSTICE WHITE, with whom MR. JUSTICE BLACK-
MUN joins, dissenting.

This petition presents the questions whether a Cali-
fornia statute [1] that requires covered employers to pay
premium overtime wages to female employees, with no
such requirement as to male employees, conflicts with
and is pre-empted by § 703 (a) of Title VII of the Civil
Rights Act of 1964, 78 Stat. 255, 42 U. S. C. § 2000e–2
(a), and, if so, whether the federal courts should remedy
its invalidity by declaring that an employer may dis-
regard the California statute and need not pay premium
overtime wages to female employees. The Court of Ap-
peals answered both questions in the affirmative, 509 F.
2d 20 (CA9 1974), and approved the District Court's re-
fusal, 356 F. Supp. 1111, 1112 (ND Cal. 1973), to follow
a decision of another Court of Appeals that is in square
conflict on both questions. *Hays* v. *Potlatch Forests,
Inc.*, 465 F. 2d 1081 (CA8 1972), aff'g 318 F. Supp. 1368
(ED Ark. 1970). These are substantial questions, and it
is the Court's duty to resolve this disagreement which

[1] Cal. Labor Code § 1350.5 (a) (1971):

"Employers of employees covered under the provisions of the Fair
Labor Standards Act may employ females up to 10 hours during
any one day of 24 hours or up to 58 hours in one week, provided
that they are compensated at the rate of 1½ times the regular
rate of pay for time worked for one employer in excess of eight
hours in any one day or 40 hours in any one week."

Only the overtime premium requirement is at issue in this case.
The maximum hour limitations were held invalid in *Rosenfeld* v.
*Southern Pacific Co.*, 444 F. 2d 1219 (CA9 1971).

now impedes the important process of reconciling the federal statutes outlawing sex-based discrimination in employment with numerous "protective" state employment laws applicable only to female employees.

Respondent Homemakers, which employs men and women, filed suit in District Court asking that Cal. Labor Code § 1350.5 (a) (1971) be declared in conflict with Title VII and unenforceable. It argued that to pay the overtime premium to female employees in compliance with state law would violate Title VII because there was no statutory requirement to pay such wages to male employees. Without discussion the District Court concluded that requiring payment of premium overtime wages only to female employees did conflict with Title VII. "[A]ware that the only authority directly on this issue is contrary," the District Court declined the State's invitation to follow *Hays* v. *Potlatch Forests, Inc., supra,* and to require Homemakers to pay the same overtime premium to men as to women. To do so "would constitute usurpation of the legislative power that has been vested exclusively in the state Legislature." 356 F. Supp., at 1112. The District Court also rejected the State's argument that both federal[2] and state[3] "equal pay" laws required Homemakers to equalize wages by paying premium overtime wages to male employees, not by forbidding payment of such wages to female employees. It reasoned that the State's position conflicted with the purpose of the "equal pay" statutes which was "to protect only working women, not men, by supplementing women's income in an attempt to narrow the gap between the income of working women and that

---

[2] § 3 of the Equal Pay Act of 1963, 77 Stat. 56, amending § 6 of the Fair Labor Standards Act of 1938, 52 Stat. 1062, 29 U. S. C. § 206 (d).

[3] Cal. Labor Code § 1197.5 (1971).

of men similarly employed." *Ibid.* The Court of Appeals affirmed the judgment that § 1350.5 (a) conflicted with Title VII and was unenforceable, expressly approving the District Court's refusal to follow *Hays* v. *Potlatch Forests, Inc., supra.* 509 F. 2d, at 22–23.

The statute at issue in *Hays,* Ark. Stat. Ann. § 81–601 (1960), is essentially indistinguishable from § 1350.5 (a) and was upheld in District Court against the claim that it had been superseded by Title VII and should be declared unenforceable. The Court of Appeals for the Eighth Circuit affirmed, holding that the Arkansas statute was not inconsistent with Title VII because it " 'does not say that women must be paid more than men; it simply says that they must be paid daily overtime without making a similar requirement as to men,' " 465 F. 2d, at 1082, quoting 318 F. Supp., at 1375, and that "any discrimination against men resulting from the Arkansas statute is to be cured by extending the benefits of that statute to male employees rather than holding it invalid." 465 F. 2d, at 1083.[4]

I would grant the petition for a writ of certiorari and set the case for oral argument.

---

[4] In *Hays* v. *Potlatch Forests, Inc.,* the Court of Appeals noted that extending the benefits to male employees was "in accord with the express policies" of the Equal Pay Act, 29 U. S. C. § 206 (d) (1), 465 F. 2d, at 1083, although the District Court had found "it unnecessary to appraise [the] assertion" that the Equal Pay Act as well as the Civil Rights Act required payment of premium overtime wages to male employees. 318 F. Supp., at 1374 n. 1.

The Court of Appeals for the Eighth Circuit also accorded "great deference" to Equal Employment Opportunity Commission regulations, 29 CFR § 1604.2 (b) (1972), making failure to extend statutory premium overtime benefits to male as well as female employees an "unlawful employment practice." In this case both the District Court, 356 F. Supp., at 1113, and the Court of Appeals, 509 F. 2d, at 22, held that the EEOC did not have authority to issue regulations which modified state substantive law so extensively.