**CATERPILLAR TRACTOR CO., a California Corporation, Plaintiff,**

v.

**Barney J. GRABIEC, Director, Department of Labor, State of Illinois, and William J. Scott, Attorney General, State of Illinois, Defendants.**

**ILLINOIS BELL TELEPHONE COMPANY, a Corporation, Plaintiff,**

v.

**Barney J. GRABIEC, Director of Labor of the State of Illinois, Defendant.**

**Nos. 4549, 4550.**

United States District Court, S. D. Illinois, S. D.

Sept. 9, 1970.

Homer Keller, Seth M. Dabney, III, Westervelt, Johnson, Nicoll & Keller, Peoria, Ill., David W. Zugschwerdt, and Irving Miller, Equal Employment Opportunity Commission, Washington, D. C., for Caterpillar Tractor Co.

Donald W. Morrison, Chicago, Ill., Hugh J. Graham, Jr., Springfield, Ill., for Illinois Bell Telephone Co.

William J. Scott, Atty. Gen. of Illinois, Springfield, Ill., Robert Dodd, Asst. Atty. Gen., of counsel, for defendant.

### FINDINGS OF FACT
### AND
### CONCLUSIONS OF LAW

POOS, Chief Judge.

These causes which are substantially identical in form and content having come on together to be heard (a) on defendants' motions to strike certain allegations from the complaints and defendants' motions to dismiss the complaints for alleged want of a justiciable controversy and because such causes allegedly constituted suits against the

State of Illinois and (b) upon motions by each of the plaintiffs for summary judgment, on August 20, 1970, before the above court, the Honorable Omer Poos presiding; and defendants having moved in open court to withdraw each of the aforesaid motions to strike and to dismiss, which motions to withdraw were and are allowed by the court and said motions to strike and to dismiss were and are thereby withdrawn; and the court having considered all documents filed with respect to said motions for summary judgment, including (a) the complaints of Caterpillar Tractor Co., ("Caterpillar") and Illinois Bell Telephone Company ("Illinois Bell"), (b) the affidavits of Clifford N. Hathway, Clyde C. Boylls, and Bruce C. Hoeffel, and (c) the briefs of Caterpillar, Illinois Bell, the Equal Employment Opportunity Commission ("the Commission") as *amicus curiae* and the defendants; and the defendants in each case not having filed any affidavits in opposition to said motions for summary judgment or otherwise denied or controverted the facts alleged in the complaints and the affidavits supporting said motions for summary judgment; and the court having heard and considered the arguments of counsel for each plaintiff, the Commission and the defendants, and being fully advised in the premises now makes its findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

1. Plaintiffs, Caterpillar and Illinois Bell, are each "employers" within the meaning of Title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e through 2000e–15) and are subject to the provisions of said statute.

2. Plaintiffs, Caterpillar and Illinois Bell, are each subject to the provisions of the Illinois Female Employment Act, (Ill.Rev.Stat. Ch. 48, Sections 5 through 8.1.)

3. Caterpillar is a California corporation engaged in the manufacture and sale of construction and earthmoving machinery and other products. It operates several factories within the State of Illinois and maintains its headquarters offices in this state. Caterpillar employs approximately 43,374 persons within the State of Illinois, of whom approximately 3,558 are females who fall within the limitation on hours of work specified in the Illinois Female Employment Act.

4. Illinois Bell is an Illinois corporation supplying communication services to users in the State of Illinois and part of Indiana. As of December 31, 1969, Illinois Bell had approximately 41,000 employees, of whom approximately 17,000 were women employed in Illinois and subject to the hours of work restrictions of the Illinois Female Employment Act. Illinois Bell's annual payroll for 1969 was approximately $350 million, of which over $11 million was attributable to pay for overtime work.

5. The amount in controversy in each case exceeds $10,000.00, exclusive of interest and costs.

6. The operations of each plaintiff frequently require that their respective employees in Illinois work for daily and weekly periods in excess of the hours for which female employees of each plaintiff may be employed under the Illinois Female Employment Act. In addition certain jobs in each plaintiff's operations normally require that the holders work for overtime hours longer than permitted for females under the Illinois Female Employment Act.

7. Under the Illinois Female Employment Act, the vast majority of female employees of each plaintiff may not work more than eight hours per day or forty-eight hours per week. The only generally applicable exception permits such employees to work nine hours on one day of a calendar week. Neither this exception nor the other exceptions permitted by the Illinois Female Employment Act are adequate to meet the employment requirements of either plaintiff.

8. Both plaintiffs have attempted to comply with the provisions of the

Illinois Female Employment Act. As a result each plaintiff has, by virtue of the Illinois Female Employment Act, been prevented from assigning to female employees the same number of overtime hours of work which would be assigned to such employees were they members of the male sex and each has been prevented from promoting or assigning female employees to jobs which normally require work for hours in excess of those permitted by the Illinois Female Employment Act, although it is each plaintiff's practice of employment regularly to assign male employees to such jobs.

9. Overtime hours (i. e. work in excess of 8 hours each day and 40 hours each week) are compensated for at premium rates of pay.

10. Violations of the Illinois Female Employment Act are misdemeanors punishable for each offense by fines of not less than $25.00 nor more than $100.-00.

11. Under Title VII of the Federal Civil Rights Act of 1964, it is an unlawful employment practice for each of the plaintiffs "to discriminate against any individual employee with respect to this compensation, terms, conditions or privileges of employment because of such individual's * * * sex * * *." or "to limit, segregate or classify his employees in any which which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect this status as an employee because of such individual's * * * sex * * *.".

12. Title VII of the Federal Civil Rights Act of 1964 authorizes employees of each plaintiff, aggrieved by an unlawful employment practice, to file charges with the Commission and to bring civil actions against their employers in the United States District Courts. In such actions the District Courts are authorized to grant injunctive relief against the continuation of such practices and to award back pay and attorneys' fees to the aggrieved employees.

13. Title VII of the Federal Civil Rights Act of 1964 authorizes the Attorney General of the United States to bring civil actions seeking injunctive relief against employers, such as the plaintiffs, whenever the Attorney General has reason to believe that the employers are engaged in a pattern of resistance to the full enjoyment of any of the rights secured by said Act.

14. As a result of each plaintiff's policy of complying with the Illinois Female Employment Act, female employees of each plaintiff have been prevented from earning additional compensation for identical types of work performed by male employees. Female employees have complained to each of the plaintiffs that they are not receiving their share of overtime hours and are not receiving assignments or promotions to jobs normally requiring the performance of work for overtime hours in excess of those permitted by the Illinois Female Employment Act.

15. The Illinois Female Employment Act requires each plaintiff to assign to male employees daily overtime work in excess of one hour on one day of the week and jobs normally requiring such overtime work, thereby imposing primarily upon male employees the burdens of such work.

16. Substantial numbers of the female employees of each of the plaintiffs are represented by labor unions as collective bargaining agents. In the case of each plaintiff the labor unions concerned have stated that they or female employees have filed or will file grievances or will take other suitable action if overtime assignments are not made on the same basis for both female and male employees.

17. Plaintiff Caterpillar produces substantial amounts of products under federal government contracts. In the year 1969, Caterpillar's sales under federal government contracts amounted to approximately $64.4 million. Regulations of the Office of Federal Contract Compliance of the United States Depart-

ment of Labor provide that government contractors, in reliance upon state laws which prohibit women from working at jobs requiring more than a certain number of hours per day or per week, may not deny a female employee the right to any job that she is qualified to perform. Failure to comply with such regulations is subject to sanctions including the cancellation or suspension of existing federal government contracts and the denial of future contracts.

18. Defendant the Director of Labor of the State of Illinois is currently actively engaged in enforcing the Illinois Female Employment Act.

19. Federal authorities, including the Commission, the Attorney General of the United States and the Office of Federal Contract Compliance, are actively engaged in seeking compliance with the Federal laws relating to discrimination against employees because of sex.

20. Most, if not all, female employees of each plaintiff who are within the coverage of the Illinois Female Employment Act are fully capable of working in the operations of their respective employers for more than the maximum hours permitted by the Illinois Female Employment Act.

21. Each plaintiff is subject to and likely to incur the penalties provided by the Illinois Female Employment Act if it complies with the requirements of Title VII of the Federal Civil Rights Act of 1964.

22. Each plaintiff is subject to and likely to incur substantial damages and other sanctions under Federal laws in the event that it complies with the requirements of the Illinois Female Employment Act.

23. The facts alleged in each of the complaints and in the affidavits filed in support of the motions of each plaintiff for summary judgment are not disputed. There is no genuine issue as to any material fact.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of each of these actions pursuant to 28 U.S.C. Secs. 1337 and 1331.

2. Each action presents an "actual controversy" between the parties thereto as contemplated by 28 U.S.C. Sec. 2201.

3. Each plaintiff is an "interested party" within the meaning of 28 U.S.C. Sec. 2201.

4. Each plaintiff is an "employer" within the meaning of Title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e(b)) and subject to the provisions of that Act.

5. Each plaintiff is subject to the Illinois Female Employment Act (Ill. Rev.Stat., Ch. 48, Secs. 5 through 8.1).

6. The Illinois Female Employment Act does not create, constitute or provide a "bona fide occupational qualification" within the meaning of Title VII of the Federal Civil Rights Act of 1964 (42 U.S.C. Sec. 2000e-2(e)).

7. The Illinois Female Employment Act requires each plaintiff to limit, segregate and classify its employees so as to deprive such employees of employment opportunities because of their sex.

8. The Illinois Female Employment Act requires each plaintiff to discriminate against its individual employees with respect to compensation, terms, conditions and privileges of employment because of their sex.

9. The Illinois Female Employment Act conflicts with the provisions of Title VII of the Federal Civil Rights Act of 1964. Accordingly, pursuant to the supremacy clause of the United States Constitution (Article VI, Cl. 2), the Illinois Female Employment Act is void and of no force and effect as to each of the plaintiffs.

10. The Illinois Female Employment Act sets unreasonably low standards for the employment of women by each of the plaintiffs in violation of Title VII of the Federal Civil Rights Act of 1964 and is also for that reason void and of no

force and effect as to each of the plaintiffs.

11. Each plaintiff is entitled to a judgment declaring as follows:

(a) That the Illinois Female Employment Act conflicts with Title VII of the Federal Civil Rights Act of 1964 insofar as the Illinois law purports to restrict the hours of labor by plaintiff's female employees and is void and not enforceable as to plaintiff.

(b) That plaintiff need not further comply with the Illinois Female Employment Act.

\*    \*    \*    \*    \*    \*

To the extent that any of the Findings of Fact set forth above are deemed to be Conclusions of Law, or to the extent that any of the foregoing Conclusions of Law are deemed to be Findings of Fact, the same shall be deemed Conclusions of Law or Findings of Fact, as the case may be.