**DOCTORS HOSPITAL, INC., Plaintiff,**

v.

**Luis Silva RECIO, Secretary of Labor of the Commonwealth of Puerto Rico, Defendant.**

**No. 74–106.**

United States District Court,
D. Puerto Rico.

July 16, 1974.

Fiddler, Gonzalez & Rodriguez, Hato Rey, P. R., for plaintiff.

Arturo Diaz, Dept. of Justice, Commonwealth of Puerto Rico, Old San Juan, P. R., for defendant.

## OPINION

TOLEDO, Chief Judge.

On January 25, 1974, plaintiff Doctors Hospital, Inc., pursuant to Article VI (The Supremacy Clause) of the Constitution of the United States, the provisions of Title VII of the Federal Civil Rights Act, Title 42, United States Code, Section 2000e et seq. and the provisions of Title 28, United States Code, Sections 1331, 1337, 1343 and 2201, filed the complaint of the above captioned case asking the Court: (1) to enter a declaratory judgment declaring that the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, regulating the hours of work of female employees in Puerto Rico conflict with Title VII of the Federal Civil Rights Act and are, therefore, invalid, and (2) to issue an injunction enjoining defendant, his agents, assistants, employees and attor-

neys from enforcing the provisions of Title 29; Laws of Puerto Rico Annotated, Section 458.

Defendant answered the complaint denying the essential allegations of the complaint and alleging that this Court lacks jurisdiction to entertain the complaint and that the complaint fails to state a cause of action upon which relief could be granted in favor of plaintiff and against defendant.

On May 31, 1974, plaintiff filed a motion asking that summary judgment be entered in its favor and defendant be enjoined from enforcing the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, on the grounds that there is no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law. Plaintiff based its motion upon affidavit of its Administrator, Cesar Corretjer, the pleadings and proceedings in the case.

Defendant has not filed any response to plaintiff's motion for summary judgment, nor any affidavit or other document controverting the affidavit filed by plaintiff in support of said motion.

On July 3, 1974, the date set for the hearing of plaintiff's motion for summary judgment, defendant informed this Court that he was at that moment submitting the legal issues involved in the case without presenting any written response or affidavit or brief in opposition to plaintiff's motion for summary judgment. After defendant's statement, plaintiff asked the Court to enter the summary judgment requested in said motion.

■ As the affidavit filed by plaintiff has not been controverted, its acceptance as true for purposes of plaintiff's motion for summary judgment is required under Rule 56 of the Federal Rules of Civil Procedure. Under said Rule, defendant cannot rely on his pleadings to create an issue or issues of fact. Morton v. Browne (CA 1 Cir. 1971), 438 F.2d 1205; Continental Cas. Co. v. American Sec. Corp. (1970) 143 U.S. App.D.C. 234, 443 F.2d 649, cert. denied

402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647, rehearing denied 403 U.S. 912, 91 S.Ct. 2203, 29 L.Ed.2d 690.

Plaintiff's action for declaratory judgment and injunction arises under Article VI (the Supremacy Clause) of the Constitution of the United States and Title VII of the Federal Civil Rights Act, Title 42, United States Code, Section 2000e et seq. Plaintiff's complaint states a cause of action upon which relief can be granted in favor of plaintiff and against defendant.

The matter in controversy in the present case exceeds, exclusive of interests and costs, the sum of $10,000.00.

This court has jurisdiction of this action pursuant to Title 28, United States Code, Sections 1331, 1337, 1343 and 2201. Caterpillar Tractor Co. v. Grabiec (D.C.S.D.Ill.1970), 317 F.Supp. 1304; General Electric v. Young, 3 FEP Cases 560 (D.C.W.D.Ky.1971); Homemakers, Inc., of Los Angeles v. Division of Industrial Welfare (D.C.Cal.1973), 356 F. Supp. 1111.

■ An employer in an industry affecting commerce is an employer within the meaning of and subject to Title VII of the Federal Civil Rights Act (42 U. S.C.A., Sec. 2000e et seq.).

Plaintiff is an employer in an industry affecting commerce within the meaning of Title VII of the Federal Civil Rights Act. As such, plaintiff is subject to said Act. NLRB v. Central Dispensary & Emergency Hospital (1944), 79 U.S.App.D.C. 274, 145 F.2d 852, cert. denied 324 U.S. 847, 65 S.Ct. 684, 89 L. Ed. 1408; United States v. Medical Soc. of South Carolina (D.C.S.C.1969), 298 F.Supp. 145.

Section 703 of Title VII of the Federal Civil Rights Act (42 U.S.C.A., Sec. 2000e–2), provides the following:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of em-

ployment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin."

In the case of General Electric Co. v. Young, 3 FEP Cases 560 (D.C.W.D.Ky. 1971), General Electric Co. brought an action against John W. Young, Kentucky Commissioner of Labor, for declaration that Kentucky statutes regulating hours of work of female employees conflicted with Title VII of the Federal Civil Rights Act and were therefore, invalid under the Supremacy Clause of the Constitution of the United States; and for injunctive relief against the enforcement of said Kentucky statutes. The mentioned Kentucky statutes provided that (a) no female may work more than 4 hours without minimal 10 minutes rest periods (excluding lunch which shall be optional for all employees); (b) no female under 18 may work at any occupation except domestic service or nursing more than 10 hours in any one day, nor more than 60 hours in any week; (c) no female may work in a factory or manufacturing establishment or other specified business more than 10 hours in any one day nor more than 60 hours in any one week; (d) violations of said statutes were punishable with fines and/or imprisonment. The Court granted motion for summary judgment of plaintiff General Electric and entered summary judgment against defendant Kentucky Commissioner of Labor holding that the Kentucky statutes regulating work hours for females discriminated against females as a class and denied them employment opportunities extended solely to men on the basis of their sex; that Kentucky statutes regulating hours of work of female employees conflicted with Title VII of the Civil Rights Act of 1964 and were therefore invalid under the Supremacy Clause of the Constitution of the United States. The Court permanently enjoined defendant from enforcing against General Electric, or requiring General Electric to comply with said statutes.

In the case of Caterpillar Tractor Co. v. Grabiec (Director of Labor of the State of Illinois), 317 F.Supp. 1304 (D. C.S.D.Ill.1970), the Court held that an Illinois statute which restricted the hours of work of female employees to 8 hours per day (except one day a week in which the statute permitted them to work 9 hours), and 48 hours per week conflicted, with Title VII of the Civil Rights Act of 1964 because it required the plaintiff employer to limit, segregate and classify its employees so as to deprive such employees of employment opportunities because of their sex; and that said statute was void and unenforceable pursuant to the Supremacy Clause of the Constitution of the United States.

In the case of Garneau v. Raytheon Co., 323 F.Supp. 391 (D.C.Mass.1971), the Court held that female employees were entitled to the same opportunities with respect to hours of employment, as were to male employees; that a Massachusetts statute limiting hours of employment for female employees to 9 hours in any one day and to 48 hours weekly conflicted with Title VII of the Civil Rights Act of 1964 and was therefore unenforceable under the Supremacy Clause of the Constitution of the United States. The court enjoined the Commissioner of Labor of Massachusetts from enforcing said statute.

In Rosenfeld v. Southern Pacific Co., D.C., 293 F.Supp. 1219, affirmed 444 F. 2d 1219 (9 Cir. 1973), the Circuit Court held that California Statutes limiting the number of hours female employees may work and weights they may lift conflicted with the ban on sex discrimination in Title VII of the Civil Rights Act of 1964 and were therefore, by virtue of the Supremacy Clause of the Constitution of the United States, supplant-

ed by Title VII and must be disregarded.

In Burns v. Rohr Corporation, 346 F. Supp. 994 (D.C.S.Cal.1972), the Court held that a California regulation requiring employers to grant rest periods to female employees and not to male employees conflicted with the ban on sex discrimination in Title VII of the Civil Rights Act of 1964 and therefore, was preempted by Title VII of said Act; that for the Court to order the extension of the rest periods to male employees would amount to an usurpation of the legislative power that had been vested exclusively in the State Legislature; and that a Federal court should not "amend the state's labor laws to obviate a conflict with the Civil Rights Act.

In the case of Homemakers, Inc., Los Angeles v. Division of Industrial Welfare, 356 F.Supp. 1111 (D.C.N.D.Cal. 1973), the Court held that California statutes requiring employers to pay overtime premium pay to female employees only, was in conflict with the equal employment opportunities section of the Civil Rights Act of 1964, and were therefore, invalid. In this case the plaintiff employer had refused to pay the premium pay to female employees on the basis that such compliance with the state law would be a violation of the Federal statutes which have invalidated all women protective laws. The defendant alleged that the state statutes could be found consistent with the Civil Rights Act if they were interpreted as requiring the employer, if he chose to have any employee to work overtime, to pay the same overtime premium to men as well as to women. The Court refused to interpret said statutes in the way suggested by defendant, on the ground that such interpretation would constitute an usurpation of the legislative power that had been vested exclusively in the State Legislature and that a Federal court may not exercise the legislative power vested exclusively in the State Legislature in order to avoid a conflict between state and Federal law.

Also, in the following court cases and opinions from states' officials, statutes establishing hours of work limitations based on sex have been found to conflict with Title VII of the Civil Rights Act of 1964; District of Columbia (Decision 70382, Case No. D.C. 7–6–255, 2 FEP Cases 338; Kansas (Commissioner of Labor's Opinion 1969); Louisiana, LeBlanc v. Southern Bell Tel. & Tel. Co., 333 F.Supp. 602 (E.D.La.1971); Michigan (Attorney General's Opinion, December 1969); Missouri (Attorney General's Opinion Nov. 11, 1971); New Mexico (Sec. 59–5–1 N.M. Rev.Stat.); North Dakota (Attorney General's Opinion); Ohio, Jones Metal Products Co. v. Walker, 4 FEP Cases 483 (Ohio 1972); Kober v. Westinghouse Electric Corp., 325 F.Supp. 467 (W.D.Pa.1971); Krause v. Sacramento Inn, 479 F.2d 988, 990 (9 Cir. 1973); Richards v. Griffith Rubber Mills, 300 F.Supp. 338 (D.Oregon 1969); Ridinger v. General Motors Corp., 325 F.Supp. 1089 (D.C. S.D.Ohio). See also Heber Lugo, Sex Discrimination: The Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964 and Puerto Rico, 32 Rev.Col. Abogados P. R. 215 (1971). (The provision here under attack, Title 29, Laws of Puerto Rico Annotated, Section 458, is there considered to be invalid as conflicting with Title VII and under the Puerto Rico Constitution).

Plaintiff is subject to the Laws of Puerto Rico regulating the wages and hours of work of male and female employees, including the provisions appearing in Title 29, Laws of Puerto Rico Annotated, Section 458, and to the provisions of Mandatory Decrees No. 4 and 41 of the Minimum Wage Board of Puerto Rico.

In Title 29, Laws of Puerto Rico Annotated, Section 283, applicable to male employees only, it is provided in its pertinent parts, as follows:

"283.—*Posting notice of work hours; printed models*

Every employer shall affix in a conspicuous place in the establishment,

shop, factory, plantation, farm, office, or place of work, as the case may be, a printed notice setting forth the number of hours of work required daily from the employees during each day of the week, the time to begin and end work, and the time to begin and end the period for taking food; Provided, That the period fixed for taking food shall not be less than one (1) hour, unless for the convenience of the employee, and by stipulation of said employee and his employer, with the approval of the Secretary of Labor, a shorter period be fixed; Provided, That stipulations to said effect shall, once approved by the Secretary of Labor, be valid indefinitely, and none of the parties may, without the other's consent, if the same work relationship continues, withdraw its consent to the stipulation until one (1) year after such stipulation became effective."

In Title 29, Laws of Puerto Rico Annotated, Section 458, applicable to female employees only, it is provided, in its pertinent parts, as follows:

"458.—*Posting announcement of hours of work for women*

Every employer shall post in a conspicuous place in every department where women are employed, or in the office of the farm or rural property where they work, a printed announcement stating the number of hours of work required of women on each day of the week, the hours of commencing and quitting work, and the hours in which periods for meals commence and end; Provided, That no woman shall work in each period for more than four (4) hours, unless an intermediate rest period of not less than twenty (20) minutes is granted within any of the two periods in which their workday is divided, in which case, with the consent of the women workers and the authorization of the Secretary of Labor, said period may be extended beyond four (4) hours, but never exceeding five (5) hours, the duration of said period within which

the intermediate rest period was granted. The time allowed for meals shall not be less than one (1) hour, unless for the reasons and under the circumstances established in section 283 of this title, a shorter period is allowed; Provided, That every employer who employs or allows a female worker to work during the period for meals shall be bound to pay for such period or fraction thereof at a rate double the rate agreed for regular working hours. In those cases where in accordance with the provisions of this section the period for meals is reduced to a period less than one (1) hour, the employer shall be bound to pay at a rate double the rate agreed for the regular working hours, only if he employs or allows a female worker to work during the period for which the hour allowed for meals has been reduced."

As Title 29, Laws of Puerto Rico Annotated, Section 458, specifically regulates the working hours of female employees in Puerto Rico, it has to be concluded that the provisions of Title 29, Laws of Puerto Rico Annotated, Section 283, regulate only the work hours of male employees in Puerto Rico.

The Labor Department of Puerto Rico has published a bulletin entitled "Boletín del Departamento del Trabajo, DT–115, 27 Dic. 61", which contains the interpretation given by the Secretary of Labor of Puerto Rico to Puerto Rico Act No. 121 of 1961 (29 LPRA, Sec. 283) and Puerto Rico Act No. 73 of June 21, 1919, as amended, (29 LPRA, Sec. 458). The last paragraph of said bulletin as translated to the English language, reads as follows:

"Furthermore, we have interpreted that the meal period of each employee may vary, provided that no worker works more than five hours without enjoying said period. Nevertheless, women may not work more than four consecutive hours without enjoying said period, pursuant to what is provided in Act No. 73 of June 21, 1919,

as amended, regulating the work of women."

Defendant has interpreted the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, which regulates the work hours of female employees, in the sense that a female employee is entitled to an hour meal period immediately after working four consecutive hours in any of the two periods in which her workday is divided; and that if the female employee works more than four consecutive hours in any of the two periods in which her workday is divided, she has to be paid double the time compensation for the hours worked in excess of four, unless she is granted an intermediate rest period of not less than 20 minutes and with defendant's approval consents to work more than four consecutive hours but not to exceed five consecutive hours. Based on said interpretation, defendant is claiming from plaintiff payment of the sum of $38,755.99 for all female employees of plaintiff that during the period from January 1, 1967 to June 29, 1972, worked during their workdays five consecutive hours prior to the starting time of their meal periods.

Due to the nature of the services rendered by the hospital operated by plaintiff, Doctors Hospital, Inc., the employees working in said hospital in each of the three daily shifts cannot take their meal period all at the same time and for that reason different groups of employees composed both of male and female employees have different meal period hours set by plaintiff. Many of said male and female employees work and have worked during their workdays, five consecutive hours prior to the starting time of their meal periods and both, female and male employees, are paid and have been paid for the fifth consecutive hour of work at their regular rate of pay.

Defendant, through the mentioned back wages claim has attempted to enforce compliance by plaintiff, Doctors Hospital, Inc. with the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, as interpreted by defendant.

Defendant, through said claim for back wages has required plaintiff to pay its female employees that have worked five consecutive hours and have had their meal periods immediately after working five consecutive hours, double time compensation for the fifth consecutive hour worked instead of the straight time compensation they received for having worked said hour. Defendant has not made the same request for plaintiffs male employees similarly situated.

Title 29, Laws of Puerto Rico Annotated, Section 458, provides, inter alia, "That no woman shall work in each period for more than four (4) hours, unless an intermediate rest period of not less than twenty (20) minutes is granted within any of the two periods in which their workday is divided, in which case, with the consent of the women workers and the authorization of the Secretary of Labor, said period may be extended beyond four (4) hours, but never exceeding give (5) hours, the duration of said period within which the intermediate rest period was granted. The time allowed for meals shall not be less than one (1) hour . . ." There is no law in Puerto Rico, including Title 29, Laws of Puerto Rico Annotated, Section 283, which restricts and limits the hours of work of males as Title 29, Laws of Puerto Rico Annotated, Section 458 restricts and limits the hours of work of females.

As Mandatory Decree No. 4 of the Minimum Wage Board of Puerto Rico, applicable to hospital employees, provides that the hours worked by hospital employees in excess of eight daily and 48 weekly shall be paid at double the regular rate of pay of the employees, the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458 limit, on the basis of sex, the employment of females not only during regular working hours but during overtime hours.

The provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, imposes prohibitions, limitations or restrictions on the employment of females

during regular and overtime hours that are not imposed on the employment of males. Under the statutory scheme of Puerto Rico for regulating and restricting female employment, the fact that females may be equally qualified as males to work regular and overtime hours, or to hold a particular job is irrelevant. Since Title 29, Laws of Puerto Rico Annotated, Section 458, on its face operates to deny females as a class, employment opportunities extended to men on the basis of general characteristics attributable to females, said statutory provision clearly conflicts with the provisions of Title VII of the Federal Civil Rights Act, which prohibit employers to deny employment opportunities to an individual on the basis of a stereotyped characterization of the sexes. The provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, tend to make women less desirable for hiring because of the special accommodations that the prospective employer must make for them and for this reason also said provisions conflict with Title VII of the Federal Civil Rights Act and are invalid.

Defendant interprets the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, in the sense that a female employee is entitled to an hour meal period immediately after working four consecutive hours in any of the two periods in which her workday is divided. If she works more than four consecutive hours in any of the two periods in which her workday is divided, according to defendant, she has to be paid double time compensation for hours worked in excess of four, unless she is granted an intermediate rest period of not less than 20 minutes and with defendant's approval consents to work more than four hours, but not to exceed five consecutive hours.

It is obvious that the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, and the interpretation given by defendant to said provisions, discriminate against female employees, solely on the basis of sex, in violation of Title VII of the Federal Civil Rights Act.

The provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, discriminate against male employees solely because of sex, in violation of Title VII of the Federal Civil Rights Act, in that it requires the granting of a rest period of not less than 20 minutes to female employees working more than four consecutive hours, which rest period is not required to be granted by the provisions of Title 29, Laws of Puerto Rico Annotated, Section 283, or any other law to male employees working more than four consecutive hours.

Defendant's interpretation of the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, to the effect that female employees, except when authorized by the Secretary of Labor to work more than four consecutive hours, and granted a rest period of not less than 20 minutes have to be paid double time for time worked during the fifth consecutive hour of work, discriminates solely because of sex against the male employees in violation of Title VII of the Federal Civil Rights Act because the provisions of Title 29, Laws of Puerto Rico Annotated, Section 283, do not require the payment to male employees of double time for work done during the fifth consecutive hour of work except when the fifth hour is the meal period hour of the male employee.

Based on its interpretation of Title 29, Laws of Puerto Rico Annotated, Section 458, defendant is requiring plaintiff to pay $38,755.99 to its female employees that during the period from June 1, 1967 to June 29, 1972, have worked during their workdays five consecutive hours prior to the starting time of their meal periods. As there is no law in Puerto Rico, including Title 29, Laws of Puerto Rico Annotated, Section 283, prohibiting male employees from working more than four consecutive hours or requiring that male employees be granted an hour meal period after having worked four consecutive hours, defendant has not claimed from plaintiff the payment of back wages for those

male employees of plaintiff that have worked five consecutive hours before having their one hour meal period.

Plaintiff has in no way discriminated against its employees on the basis of sex. Both its male and female employees that have worked five consecutive hours prior to having their meal period, have been paid straight time compensation for work done during the fifth hour. Defendant claims from plaintiff for said female employees that have worked five consecutive hours, double time compensation for the fifth consecutive hour of work. Defendant makes no such claim for male employees that have worked five consecutive hours.

The analysis that we have made of Title 29, Laws of Puerto Rico Annotated, Sections 283 and 458 and of their interpretation by defendant, clearly shows the existence of two different yardsticks based solely on sex, one applicable to female employees and the other applicable to male employees, which conflict with the ban on sex discrimination in Title VII of the Federal Civil Rights Act.

Plaintiff is and has been complying with Title VII of the Federal Civil Rights Act by paying both male and female employees that have worked five consecutive hours, straight time compensation for the fifth consecutive hour worked.

Plaintiff's compliance with Title VII of the Federal Civil Rights Act by paying straight time compensation to both male and female employees for work done during said fifth consecutive hour of work, results in violations of the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, as interpreted by defendant, thereby subjecting plaintiff to wage claims and criminal prosecution and fines (See 29 LPRA, Sec. 464), which would cause plaintiff irreparable injury and damage.

If plaintiff would comply with the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, and/or the interpretation given by defendant to said provisions, plaintiff would be discriminating against both, its female and male employees, solely because of sex, in violation of Title VII of the Federal Civil Rights Act. Such violation could result in suits against plaintiff for monetary and/or injunctive relief, causing plaintiff irreparable injury and damage.

Plaintiff has refused to pay the wage claim made by defendant for the benefit of plaintiff's female employees, on the basis that compliance with the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, would be a violation of Title VII of the Federal Civil Rights Act, which has invalidated the discriminatory provisions of Title 29, Laws of Puerto Rico Annotated, Section 458.

There is no law approved by the Legislature of Puerto Rico extending the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, applicable to female employees, to male employees. So plaintiff has no obligation of applying the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458 to its male employees.

This Court cannot order that the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, applicable to female employees, be extended to male employees to avoid a conflict between the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458 and Title VII of the Federal Civil Rights, because:

(1) That would amount to usurpation of the legislative power that has been vested exclusively in the Legislature of Puerto Rico;

(2) A Federal court should not "amend" the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, to obviate a conflict with the Federal law; and

(3) This Court would be keeping in effect the restrictions on the working hours of female employees imposed by Title 29, Laws of Puerto Rico Annotated, Section 458, and would be imposing said restrictions on the male employees that are not subject to said

restrictions under Title 29, Laws of Puerto Rico Annotated, Section 283. See Burns v. Rohr Corporation, 346 F. Supp. 994, 997 (S.D.Cal.1972); Homemakers, Inc., Los Angeles v. Division of Industrial Welfare, 356 F.Supp. 1111 (D.D.Cal.1973).

The transcribed provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, conflict with Title VII of the Federal Civil Rights Act (42 U.S.C.A. Section 2000e et seq.) and are therefore, unlawful, null and void and unenforceable as to plaintiff Doctors Hospital, Inc. by and under the Supremacy Clause (Article VI) of the Constitution of the United States and plaintiff Doctors Hospital, Inc. need not comply with defendant's request that plaintiff pay $38,755.-99 to its female employees that during the period from June 1, 1967 to June 29, 1972, worked during their workdays five consecutive hours prior to the starting time of their meal periods.

Summary judgment will be entered on this day.

## ORDER FOR SUMMARY JUDGMENT AND JUDGMENT

The above entitled action is before the Court on motion of plaintiff, Doctors Hospital, Inc. for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of its motion plaintiff filed an affidavit of its Administrator, Cesar Corretjer, a statement of the material facts as to which plaintiff contends there is no genuine issue to be tried and a brief.

Defendant has not filed any response to plaintiff's motion for summary judgment, nor any affidavit or other document controverting the affidavit filed by plaintiff in support of said motion.

On July 3, 1974, the date set for the hearing of plaintiff's motion for summary judgment, defendant informed the Court that he was at that moment submitting the legal issues involved in the case without presenting any written response or affidavit or brief in opposition to plaintiff's motion for summary judgment. After defendant's statement, plaintiff asked the Court to enter the summary judgment requested in said motion.

As the affidavit filed by plaintiff has not been controverted, its acceptance as true for purposes of plaintiff's motion for summary judgment is required under Rule 56 of the Federal Rules of Civil Procedure. Under said rule defendant cannot rely on his pleadings to create an issue or issues of fact.

Now, on considering the pleadings of the parties, the affidavit of Mr. Cesar Corretjer and documents attached to and forming part of said affidavit, all the records in the case, and the brief submitted by plaintiff, and due deliberation having had thereon and upon the filing of the opinion of the Court dated and filed the 16th day of July, 1974, it is hereby determined that there is no genuine issue as to any material fact in this case and that plaintiff is entitled to judgment as a matter of law; and it is hereby

Ordered, adjudged and decreed, that:

1. The following provisions of Section 2 of Puerto Rico Act #73 of June 29, 1919, as amended, which appear in Title 29, Laws of Puerto Rico Annotated, Section 458, discriminate against females as a class and deny them employment opportunities extended to men by Title 29, Laws of Puerto Rico Annotated, Section 283, and the overtime provisions of Puerto Rico legislation and Mandatory Decrees of the Minimum Wage Board of Puerto Rico, solely on the basis of their sex and not on the basis of, or with respect to their individual capabilities, capacities or characteristics:

*"458.—Posting announcement of hours of work for women*

Every employer shall post in a conspicuous place in every department where women are employed, or in the office of the farm or rural property where they work, a printed announcement stating the number of hours of

work required of women on each day of the week, the hours of commencing and quitting work, and the hours in which periods for meals commence and end; Provided, That no woman shall work in each period for more than four (4) hours, unless an intermediate rest period of not less than twenty (20) minutes is granted within any of the two periods in which their workday is divided, in which case, with the consent of the women workers and the authorization of the Secretary of Labor, said period may be extended beyond four (4) hours, but never exceeding five (5) hours, the duration of said period within which the intermediate rest period was granted. The time allowed for meals shall not be less than one (1) hour, unless for the reasons and under the circumstances established in section 283 of this title, a shorter period is allowed; Provided, That every employer who employs or allows a female worker to work during the period for meals shall be bound to pay for such period or fraction thereof at a rate double the rate agreed for regular working hours. In those cases where in accordance with the provisions of this section the period for meals is reduced to a period less than one (1) hour, the employer shall be bound to pay at a rate double the rate agreed for the regular working hours, only if he employs or allows a female worker to work during the period for which the hour allowed for meals has been reduced."

The transcribed provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, discriminate against female employees solely because of sex by imposing restrictions and limitations on the working hours of female employees that are not imposed on male employees by the Laws of Puerto Rico.

2. Said provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, discriminate against males as a class in that it requires the granting of a rest period of not less than 20 minutes to female employees working more than four consecutive hours, which rest period is not required to be granted by the provisions of Title 29, Laws of Puerto Rico Annotated, Section 283, or any other law, to male employees working more than four consecutive hours. As interpreted by the Secretary of Labor of Puerto Rico, the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, also discriminate against male employees solely because of sex, in that they require that female employees be paid double time compensation for time worked during the fifth consecutive hour of work, when the provisions of Title 29, Laws of Puerto Rico Annotated, Section 283, do not require the payment to male employees of double time compensation for work done during the fifth consecutive hour of work, except when said fifth hour is the meal period hour set by the employer for the male employees.

3. Said provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, compel plaintiff Doctors Hospital, Inc., to classify its employees solely on the basis of a stereotyped characterization of the sexes and such classification is prohibited and in violation of Title VII of the Federal Civil Rights Act (42 U.S.C.A., Section 2000e et seq.).

4. The transcribed provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, discriminate solely because of sex, against both, female and male employees, in violation of Title VII of the Federal Civil Rights Act (42 U.S.C.A., Section 2000e et seq.).

5. The transcribed provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, conflict with Title VII of the Federal Civil Rights Act (42 U.S.C.A., Section 2000e et seq.) and are therefore, unlawful, null and void and unenforceable as to plaintiff Doctors Hospital, Inc. by and under the Supremacy Clause (Article VI) of the Constitution of the United States and plaintiff Doctors Hospital, Inc. need not comply with defendant's request that plaintiff pay $38,755.99 to its female employees that

during the period from July 1, 1967 to June 29, 1972, worked during their workdays five consecutive hours prior to the starting time of their meal periods.

6. Compliance by plaintiff Doctors Hospital, Inc. with the transcribed provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, will result in violation of Title VII of the Federal Civil Rights Act or conversely compliance by plaintiff with said Federal law will result in violation of the transcribed provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, on account of which plaintiff Doctors Hospital, Inc. is suffering and will continue to suffer immediate and irreparable injury and damage and for which it does not have an adequate remedy at law. However, this Court is not granting at this time the injunction requested by plaintiff but it retains jurisdiction in this action to issue said injunction in case defendant, Secretary of Labor of Puerto Rico, fails to abide by this judgment.