RCA del CARIBE, INC., an employer in Puerto Rico, on its own behalf and on behalf of all employers in Puerto Rico similarly situated, Plaintiff,

v.

Luis SILVA RECIO, Secretary of Labor of the Commonwealth of Puerto Rico, Defendant.

Civ. No. 75–1117.

United States District Court, D. Puerto Rico.

July 13, 1976.

Fiddler, González & Rodríguez, San Juan, P. R., for plaintiff.

Secretary of Justice, San Juan, P. R., for defendant.

## OPINION AND ORDER

TOLEDO, Chief Judge.

This is a class action brought by plaintiff RCA del Caribe, Inc., an employer in Puerto Rico, on its own behalf and on behalf of other employers in Puerto Rico similarly situated, seeking declaratory and injunctive relief pursuant to Title 42, United States Code, Sections 1983 and 2000e et seq. The class was defined as consisting of all employers in Puerto Rico engaged in industries affecting commerce and having fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or the preceding calendar year.

Pursuant to a Stipulation signed and filed by plaintiff and defendant, the Court entered an Order providing that this case be maintained as a class action under Rules 23(b)(1)(B) and 23(b)(2) of the Federal Rules of Civil Procedure and authorizing plaintiff to file an amended complaint.

Jurisdiction of the Court was invoked under Title 28, United States Code, Sections 1331, 1337, 1343, and 2201. The Court entered an order questioning its jurisdiction over this matter and directed both parties to discuss the jurisdiction of the Court. After considering both briefs submitted, this Court finds that plaintiff has satisfied the jurisdictional amount required under Section 1331 of Title 28, United States Code.

In the amended complaint filed by plaintiff, it asks the Court to issue a declaratory judgment declaring that the provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, (29 LPRA, Sections 457–466), the Regulations adopted by defendant Secretary of Labor of the Commonwealth of Puerto Rico concerning night work by fe-

male employees and the provisions of Article 1 of Puerto Rico Act No. 25 of November 12, 1975 that keeps alive for affected employees any cause of action arisen under Puerto Rico Act No. 73 of June 21, 1919 prior to the effective date of Puerto Rico Act No. 25 of November 12, 1975, conflict with Title VII of the U. S. Civil Rights Act of 1964, as amended, and are therefore invalid under the provisions of Article VI, Clause 2 (the Supremacy Clause) of the Constitution of the United States; and to issue a permanent injunction enjoining defendant, his agents and successors from enforcing against plaintiff and the members of the class, the provisions of said statutory provisions of the Laws of Puerto Rico that conflict with Title VII of the U. S. Civil Rights Act of 1964.

Defendant has not denied the allegations of the complaint. He has raised as only defense to plaintiff's action the allegation that the case at bar is moot because Puerto Rico Act No. 73 of June 21, 1919, was repealed by Puerto Rico Act No. 25 approved by the Governor of Puerto Rico on November 12, 1975.

Through another stipulation, the parties stated and agreed that there is no controversy between them as to the facts stated on a sworn statement of Mr. Fred Hargrave, plaintiff's Vice-President and General Manager, dated November 20, 1975, which sworn statement was part of the stipulation; and that there is no genuine issue between them as to any material fact.

There being no genuine issue as to any material fact and being fully advised in the premises, the Court now makes the following findings of fact and conclusions of law and in accordance therewith, enters the order set forth hereinafter:

## I.  FINDINGS OF FACT

1.  Plaintiff RCA del Caribe, Inc., a corporation organized and existing under the laws of the State of Delaware and duly authorized to do business in Puerto Rico, is engaged in a plant it operates in Barceloneta, Puerto Rico, in the manufacture of electrical components for television sets that it exports to the United States of America.

2.  Plaintiff is engaged in an industry affecting interstate commerce and has employed around 275 employees for each working day in each of twenty or more calendar weeks in the preceding and the current calendar year. It imports and has been importing yearly from the United States goods with a value exceeding $50,000 and it exports and has been exporting yearly to the United States goods manufactured in its plant in Barceloneta, Puerto Rico, with a value exceeding $50,000.00.

3.  Plaintiff has brought this action as a member and representative of a class consisting of all employers in Puerto Rico engaged in industries affecting commerce and having fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or the preceding calendar year.

4.  Defendant Luis Silva Recio, Secretary of Labor of the Commonwealth of Puerto Rico, is charged with the administration and enforcement of the laws of Puerto Rico regulating wages, hours of work, and other terms and conditions of employment of workers in Puerto Rico.

5.  In the operation of its plant in Barceloneta, Puerto Rico, plaintiff employs both female and male employees. A group of said employees works and has been working from 6:00 a. m. to 2:00 p.m.; another group works and has been working from 2:00 p.m. to 10:00 p.m.; and another group works and has been working from 10:00 p.m. to 6:00 a.m. Both female and male employees work and have been working in each of the aforementioned three working shifts since a date prior to the filing of the instant complaint.

6.  Plaintiff is applying and has been applying to all the male and female employees of its Barceloneta plant, without taking into consideration the sex of the employees, the provisions of the wage and hour laws of Puerto Rico contained in Title 29, Laws of Puerto Rico Annotated, Sections 271–283, and the provisions of the collective bargaining agreement covering said employees, ex-

ecuted between plaintiff and Local Union 2333, International Brotherhood of Electrical Workers.

7. In a letter sent by defendant on July 7, 1975, to Mr. Fred Hargrave, plaintiff's Vice-President and General Manager, defendant stated that Puerto Rico Act No. 73 of June 21, 1919, as amended, continued in full force.

8. Under the provisions of Title 29, Laws of Puerto Rico Annotated, Section 457, no woman may be employed or allowed to work at any lucrative occupation during the hours between twelve o'clock at night and six o'clock in the morning except women over 18 years of age who are employed in certain occupations and industries therein enumerated and women employed as executives, managers and professionals as such terms are defined by the Minimum Wage Board of Puerto Rico. It is therein further provided that in the industries in which such employment is allowed, the work shifts will be rotated among the working women at least once a week.

9. Under the provisions of Title 29, Laws of Puerto Rico Annotated, Section 457, the Secretary of Labor is authorized to grant permits for the employment of women over 18 years of age after twelve o'clock at night in other industries provided, among other things, that an adequate differential be provided in the wage for work performed between midnight and six o'clock in the morning. In such event, the employment of women will be subject to the requirement of rotating shifts and such other restrictions and conditions as the Secretary of Labor may establish in the permit, including provisions to guarantee the transportation and safety of these workers when traveling to and from their place of work.

10. Under the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458, those employers who lawfully employ women over 18 years of age to perform work after ten o'clock at night are required to provide free transportation to said employees between their homes and their place of employment.

11. Article 1 of Puerto Rico Act No. 25 of November 12, 1975, effective December 12, 1975, provides that Puerto Rico Act No. 73 of June 21, 1919, as amended, is repealed without prejudice that affected workers may exercise any cause of action arisen under said Act No. 73 prior to the effective date of the repealing statute.

12. Since September 15, 1975, plaintiff has female employees working at its plant in Barceloneta, Puerto Rico, in a night shift from 10:00 p. m. to 6:00 a. m. without having obtained a permit from defendant authorizing the employment of women after twelve o'clock midnight; without paying female employees for hours worked between 12:00 midnight and 6:00 a. m. a wage differential of not less than 10% of the wage agreed for regular hours; without furnishing to female employees doing night work after 10:00 p. m., transportation free of charge from their homes to plaintiff's plant and from said plant to their homes; and without shifting the working hours of the employees working from 10:00 p. m. to 6:00 a. m.

## II. *CONCLUSIONS OF LAW*

1. This is an action arising under the Constitution of the United States, specifically Article VI (the Supremacy Clause) and the laws of the United States, specifically on the provisions of Title VII of the Civil Rights Act of 1964, as amended, Title 42, United States Code, Sections 2000e et seq., and the provisions of Title 42, United States Code, Section 1983. The matter in controversy exceeds, exclusive of interest and costs, the sum of Ten Thousand Dollars ($10,000).

2. The Court has jurisdiction on this action pursuant to Title 28, United States Code, Section 1331.

3. This case is maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

4. All the members of the class, including plaintiff, are employers within the meaning of Title VII of the Civil Rights Act of 1964, as amended, Title 42, United States Code, Sections 2000e through 2000e–

15), and subject to the provisions of said Act that make it unlawful for any employer: (a) to discriminate against any employee with respect to compensation, terms, conditions or privileges of employment solely because of race, color, religion, sex or national origin; and (b) to limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise affect his status as an employee because of such individual's race, color, religion, sex or national origin.

5. All the members of the class, including plaintiff, are subject to the laws of Puerto Rico regulating wages, hours of work and other terms and conditions of employment of male and female employees in Puerto Rico.

6. In Article 1 of Puerto Rico Act No. 25 of November 12, 1975, effective December 12, 1975, it is stated that Puerto Rico Act No. 73 of June 21, 1919, as amended, is repealed without prejudice that affected workers may exercise any cause of action arisen under said Act No. 73 prior to the effective date of the mentioned Act No. 25. The repeal by the Legislature of Puerto Rico of said Act No. 73 became effective December 12, 1975 and has no retroactive effect.

7. Due to the fact that the repeal of Puerto Rico Act No. 73 of June 21, 1919, as amended, has prospective effect and that the savings clause of Article 1 of Puerto Rico Act No. 25 of November 12, 1975, provides that affected workers may exercise any cause of action arisen under repealed Act No. 73 prior to the effectiveness of said repeal, this Court has to determine whether said Acts No. 73 and 25 conflict or not with the provisions of Title VII of the United States Civil Rights Act of 1964, as amended. This determination has to be made because plaintiff, since September 15, 1975, has not complied with the provisions of said Act No. 73. Therefore, the case at bar is not moot.

8. The doctrine of abstention does not constitute a defense to this action.

*Rosenfeld v. Southern Pacific Co.*, D.C., 293 F.Supp. 1219, affirmed, 444 F.2d 1219 (9 Cir. 1973). Herein is present a claim of federal-state statutory conflict which involved a statutory construction under the Supremacy Clause of the United States Constitution. The Federal courts are particularly appropriate bodies for the application of preemption principles. *Mine Workers v. Gibbs*, 383 U.S. 715, 729, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965); *Hagans v. Lavine*, 415 U.S. 528, 550, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1973).

9. The provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, contained in Title 29, Laws of Puerto Rico Annotated, Sections 457 and 458, *inter alia*, and the Regulations (29 R & R PR Sections 457–1 through 457–10) for the enforcement of said Act, prohibit the employment of female employees between 12:00 midnight and 6:00 a. m., except in cases where the employer meets certain requirements and obtains a permit from the Secretary of Labor of Puerto Rico. Among said requirements are included:

a) That female employees be paid for hours worked between 10:00 p. m. and 12:00 midnight a wage differential of not less than 5% of the wage agreed for regular hours and be paid for hours worked between 12:00 midnight and 6:00 a. m. a wage differential of not less than 10% of the wage agreed for regular hours;

b) That female employees doing night work after 10:00 p. m. be provided by the employer transportation, free of charge, from their homes to the factory and from the factory to their homes; and

c) That no female employee be required or permitted to work consecutively at night for a period in excess of one week.

10. The provisions contained in Title 29, Laws of Puerto Rico Annotated, Section 457, *inter alia*, require that female employees be paid for hours worked in excess of 12 hours daily at the rate of three times the regular rate of pay of female employees.

11. The provisions contained in Title 29, Laws of Puerto Rico Annotated, Section

458, *inter alia*, limit the number of consecutive hours a female employee can work to four in any of the two periods in which her workday is divided, unless she is given an intermediate rest period of not less than twenty minutes and with the approval of the Secretary of Labor of Puerto Rico consents to work over four but not more than five consecutive hours. This part of the provisions of Title 29, Laws of Puerto Rico Annotated, Section 458 was declared invalid and unenforceable by this Court in the case of *Doctors Hospital, Inc. v. Recio, Secretary of Labor of Puerto Rico*, 383 F.Supp. 409 (D.C.P.R.1974).[1]

12. Plaintiff, in compliance with Title VII of the United States Civil Rights Act of 1964, as amended, has been applying to all male and female employees of its Barceloneta plant, without taking into consideration the sex of the employees, the provisions of the wage and hour laws of Puerto Rico contained in Title 29, Laws of Puerto Rico Annotated, Sections 271–283 and the provisions of the collective bargaining agreement covering said employees.

13. The provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, (29 LPRA, Sections 457–466), and the Regulations adopted by defendant concerning night work by female employees violate and conflict with Title VII of the United States Civil Rights Act of 1964, as amended, (42 U.S.C.A., Sections 2000e through 2000e–15) by:

a) Discriminating against female employees in Puerto Rico with respect to terms, conditions and privileges of employment, solely because of sex, by imposing prohibitions, limitations or restrictions on the employment of female workers during day time and night time hours that are not imposed on male employees by the provisions of 29 L.P.R.A., Sections 271–288, or any other legislation.

b) Discriminating against male employees in Puerto Rico by requiring employers to pay female employees a higher compen-

sation for night work and overtime work than is required to be paid to male employees by 29 L.P.R.A., Sections 271–288, or any other legislation.

c) Requiring employers in Puerto Rico, including plaintiff, to limit, segregate or classify their employees or applicants for employment on the basis of sex, in a way which deprives or tends to deprive female workers of employment opportunities.

14. In the Statement of Motives of Puerto Rico Act No. 25 of November 12, 1975, it is stated, *inter alia*, that Puerto Rico Act No. 73 of June 21, 1919, as amended, must be repealed because it contains various provisions that have effects of discriminatory nature in accordance with federal and local laws that prohibit discrimination in employment solely because of sex. Said Statement of Motives constitutes a recognition by the Legislature of Puerto Rico that Puerto Rico Act No. 73 of June 21, 1919, as amended, conflicts with the provisions of the Constitution of Puerto Rico and of Title VII of the United States Civil Rights Act which prohibits discrimination in employment solely because of sex.

15. As Puerto Rico Act No. 73 of June 21, 1919, as amended, conflicts with the Civil Rights Act, it is invalid and unenforceable pursuant to the Supremacy Clause of Article VI of the Constitution of the United States. Therefore, the savings clause of Article 1 of Puerto Rico Act No. 25 of November 12, 1975, which provides that affected workers may exercise any cause of action arisen under said Act No. 73 prior to the effective date of the above mentioned Act No. 25, conflicts with Title VII of the United States Civil Rights Act of 1964, as amended, and is invalid and unenforceable pursuant to the Supremacy Clause of Article VI of the Constitution of the United States. *Doctors Hospital, Inc. v. Recio*, supra; *General Electric Co. v. Young*, 3 FEP Cases 560 (D.C.W.D.Ky. 1971); *Caterpillar Tractor Co. v. Grabiec,*

---

**1.** See also, *Zachry International of P. R. v. Superior Court of Puerto Rico*, October 23, 1975, Bar Association Reference No. 168.

(Director of Labor of the State of Illinois), 317 F.Supp. 1304 (D.C.S.D.Ill.1970); *Garneau v. Raytheon Co.*, 323 F.Supp. 391 (D.C. Mass.1971); *Rosenfeld v. Southern Pacific Co.*, D.C., 293 F.Supp. 1219, affirmed, 444 F.2d 1219 (9 Cir. 1973); *Burns v. Rohr Corporation*, 346 F.Supp. 994 (D.C.S.Cal. 1972); *Homemakers, Inc., Los Angeles v. Division of Industrial Welfare*, 356 F.Supp. 1111 (D.C.N.D.Cal.1973), affirmed, 509 F.2d 20 (9 Cir. 1974); *LeBlanc v. Southern Bell Tel. & Tel. Co.*, 333 F.Supp. 602 (E.D.La. 1971); *Jones Metal Products Co. v. Walker*, 4 FEP Cases 483 (Ohio, 1972); *Kober v. Westinghouse Electric Corp.*, 325 F.Supp. 467 (W.D.Pa.1971); *Krause v. Sacramento Inn*, 479 F.2d 988, 990 (9 Cir. 1973); *Richards v. Griffith Rubber Mills*, 300 F.Supp. 338 (D.Or.1969); *Ridinger v. General Motors Corp.*, 325 F.Supp. 1089 (D.C.S.D.Ohio 1971).

16. If defendant, for the benefit of affected workers, would file an action against an employer pursuant to the savings clause of Article 1 of Puerto Rico Act No. 25 of November 12, 1975, said action would be based on the provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, an invalid and unenforceable statute. Unless enjoined, defendant, who is charged with the administration and enforcement of the local labor laws, could, for the benefit of affected workers, file such type of action in the Courts of Puerto Rico against members of the class in the present case.

17. Payment by a member of the class of any claim against him made by female employees or by defendant for the benefit of female employees under Puerto Rico Act No. 73 of June 21, 1919, as amended, for services rendered by female employees prior to December 12, 1975, effective date of Puerto Rico Act No. 25 of November 12, 1975, would expose the member of the class to suits against him for monetary and/or injunctive relief, for discriminating against male employees in violation of Title VII of the United States Civil Rights Act of 1964, as amended, causing him irreparable injury and damage.

III. *REMEDY*

The Court having entered today the preceding Findings of Fact and Conclusions of Law and having considered the same,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, (29 LPRA, Sections 457–466), and the Regulations contained in 29 R & R PR, Sections 457–1 through 457–10, as both were in effect prior to their repeal by Puerto Rico Act No. 25 of November 12, 1975, discriminated against female employees as a class and denied them employment opportunities extended to men solely on the basis of sex and not on the basis of, or with respect to their individual capabilities, capacities or characteristics.

2. The provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, and said Regulations, as both were in effect prior to their repeal by Puerto Rico Act No. 25 of November 12, 1975, discriminated against male employees in Puerto Rico by requiring employers to pay to female employees a higher compensation for night work and overtime work than the required to be paid to male employees under the local legislation.

3. The provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, and said Regulations, as both were in effect prior to their repeal by Puerto Rico Act No. 25 of November 12, 1975, required employers in Puerto Rico to classify their employees solely on the basis of sex in a way which deprived or tended to deprive female workers of employment opportunities.

4. The provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, and said Regulations, as they both were in effect prior to their repeal by Puerto Rico Act No. 25 of November 12, 1975, were invalid and unenforceable pursuant to the Supremacy Clause of Article VI of the Constitution of the United States because they violated and conflicted with Title VII of the United States Civil Rights Act of 1964, as amended.

5. The savings clause of Article 1 of Puerto Rico Act No. 25 of November 12,

1975, which provides that affected workers may exercise any cause of action arisen under Puerto Rico Act No. 73 of June 21, 1919, as amended, prior to the effective date of said Act No. 25, conflicts with Title VII of the United States Civil Rights Act of 1964, as amended, and is therefore invalid and unenforceable under the Supremacy Clause of Article VI of the Constitution of the United States.

6. Defendant Luis Silva Recio, his successors, representatives, agents, employees, attorneys, and all persons in active concert and participation with him, be and hereby are permanently enjoined and restrained from in any manner or form enforcing or attempting to enforce against plaintiff and/or any and all members of the class in this action, the provisions of Puerto Rico Act No. 73 of June 21, 1919, as amended, and said Regulations, as both were in effect prior to their repeal by Puerto Rico Act No. 25 of November 12, 1975.

7. Defendant Luis Silva Recio, his successors, representatives, agents, employees, attorneys and all persons in active concert and participation with him, be and hereby are permanently enjoined and restrained from in any manner or form enforcing or attempting to enforce against plaintiff and/or any and all members of the class in this action, the savings clause of Article 1 of Puerto Rico Act No. 25 of November 12, 1975, which provides that affected workers may exercise any cause of action arisen under Puerto Rico Act No. 73 of June 21, 1919, as amended, prior to the effective date of said Act No. 25.

The Clerk of the Court is ordered to enter judgment accordingly.

IT IS SO ORDERED.